[645 NYS2d 352]

In the Matter of MICHAEL A. DATTILO, Petitioner, v MICHAEL URBACH, as Commissioner of the New York State Department of Taxation and Finance, et al., Respondents.

Third Department, July 18, 1996

**APPEARANCES OF COUNSEL**

*Birbrower, Montalbano, Condon & Frank, P. C.*, New City (*Thomas A. Condon* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General*, Albany (*Lew A. Millenbach* and *Nancy A. Spiegel* of counsel), for Commissioner of New York State Department of Taxation and Finance, respondent.

## OPINION OF THE COURT

CASEY, J.

At issue in this proceeding is whether the mailing rules contained in Tax Law § 691 (a) provide the exclusive means for proving a taxpayer's timely filing of a document. Respondent Tax Appeals Tribunal concluded that the statutory mailing rules were the exclusive means to prove timely filing. Petitioner contends that Tax Law § 691 (a) is applicable only when certain conditions are met and that when the conditions are not met, as in this case, timely filing can be established by the traditional "mailbox" rule, whereby proof of mailing creates a presumption of delivery. We conclude that the Tax Appeals Tribunal is correct.

Our analysis begins by noting that respondents' interpretation of Tax Law § 691 (a) is not entitled to any deference, for the question is one of pure statutory reading and analysis, dependent only on an accurate apprehension of legislative intent (*see, Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). Tax Law § 691 (a) provides that "[i]f any * * * document required to be filed * * * within a prescribed period or on or before a prescribed date * * * is, after such period or such date, delivered by United States mail * * * the date of the United States postmark stamped on the envelope shall be deemed to be the date of delivery". Petitioner contends that the statutory language clearly creates an express condition: delivery by United States mail after the prescribed date or period for filing. If this condition is not met, petitioner contends, the statutory mailing rules are not applicable.

It is undisputed that Tax Law § 691 (a) is based upon similar mailing rules contained in the Internal Revenue Code (*see, e.g.*, 26 USC § 7502 [a]). On the issue of whether the relevant statutory mailing rules provide the exclusive means to prove timely filing, the Federal courts are divided (*see, Carroll v Commissioner of Internal Revenue*, 71 F3d 1228). We agree with respondents that the issue should be resolved by application of the general rule that a statute is to be construed as a whole and "all parts thereof, if possible, are to be harmonized to achieve the legislative purpose" (*Sanders v Winship*, 57 NY2d 391, 395-396). In addition to the language referred to above,

Tax Law § 691 (a) provides that "[i]f any document * * * is sent by United States registered mail, such registration shall be prima facie evidence that such document * * * was delivered". The statute also provides authority for permitting the use of certified mail in lieu of registered mail. Had the Legislature intended to allow the continued use of the traditional "mailbox" rule, which creates a rebuttable presumption of delivery upon proof of mailing, there would have been no need for the express provision which makes the use of registered and/or certified mail prima facie evidence of delivery.

Based upon the wording of the statute as a whole, we are of the view that the Legislature intended that if a taxpayer uses ordinary mail to file a document, he does so at his own risk. If ordinary mail does not result in actual delivery, the taxpayer cannot resort to extrinsic means to prove delivery and timely filing. The determination of the Tax Appeals Tribunal must, therefore, be confirmed.

MERCURE, J. P., CREW III, PETERS and SPAIN, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.