[734 NYS2d 653]

In the Matter of TOMPKINS COUNTY SUPPORT COLLECTION UNIT, on Behalf of LINDA S. CHAMBERLIN, Respondent, v BOYD M. CHAMBERLIN, Appellant.

Third Department, December 13, 2001

**APPEARANCES OF COUNSEL**

*Billinson & Weinshenker,* Syracuse (*Seth B. Weinshenker* of counsel), for appellant.

*Alan Dean Scheer,* Tompkins County Office of Child Support Enforcement, Ithaca, for respondent.

### OPINION OF THE COURT

CREW III, J.

Linda S. Chamberlin and respondent were married in 1972 and have two sons, born in 1977 and 1983, respectively. Pursuant to their May 1985 judgment of divorce, respondent was directed to pay $70 per week in child support until such time as the older son attained majority, became emancipated or died, at which time respondent's weekly obligation was to be reduced by $30. Thereafter, in May 1991, Chamberlin and respondent stipulated to a $30 per week increase in support, bringing respondent's total child support obligation to $100 per week. Such agreement also provided a mechanism for reducing respondent's support obligation upon one of the children attaining majority, becoming emancipated or dying.

Thereafter, Chamberlin petitioned for an upward modification of support and respondent cross-petitioned to terminate his support obligation as to the older son, contending that the child had abandoned him. Family Court denied the respective applications and respondent appealed, whereupon this Court

deemed the older child to be emancipated and granted respondent's cross petition to terminate support as to that child (*Matter of Chamberlin v Chamberlin*, 240 AD2d 908). Thereafter, and in accordance with the terms of the 1991 stipulation, respondent's child support obligation was reduced, leaving a support obligation of $57.14 per week.

In May 1999, respondent was advised that his child support obligation was being increased by approximately $7 per week as a cost of living adjustment (hereinafter COLA; *see*, Family Ct Act § 413-a). Thereafter petitioner, acting on behalf of Chamberlin, filed objections to the proposed COLA. Respondent moved to dismiss and, ultimately, the matter was set down for a hearing in January 2000. Over respondent's objection, Family Court treated the hearing as a de novo child support hearing and, in accordance with the provisions of the Child Support Standards Act (Family Ct Act § 413 [hereinafter CSSA]), increased respondent's support obligation to $149.62 per week. This appeal by respondent followed.

Resolution of the primary issue raised on appeal hinges upon the interpretation given Family Court Act § 413-a, which provides a mechanism by which a party to a child support order issued on behalf of, among others, a child receiving support enforcement services may seek and obtain a COLA in the event that the "annual average changes of the consumer price index for all urban consumers" is 10% or greater (Family Ct Act § 413-a [2] [a]). If this threshold is met, an adjusted order of child support is issued (*see*, Family Ct Act § 413-a [2] [b], [c]). Within 35 days of the date of mailing of such adjusted order, either party thereto or the local support collection unit may file written objections (*see*, Family Ct Act § 413-a [3] [a]); assuming the objections are timely, the COLA does not take effect and the matter proceeds to a hearing, resulting in either:

> "(1) the issuance by the court of a new order of support in accordance with the [CSSA]; or

> "(2) where application of the [CSSA] results in a determination that no adjustment is appropriate, an order of no adjustment" (Family Ct Act § 413-a [3] [b]).

Although the statute further provides that "[a]ny order of support made by the court under this section shall occur without the requirement for proof or showing of a change in circumstances" (Family Ct Act § 413-a [3] [c]), the statute also makes clear that nothing contained therein "shall be deemed in any

way to limit, restrict, *expand* or impair the rights of any party to file for a modification of a child support order as is otherwise provided by law" (Family Ct Act § 413-a [4] [emphasis supplied]).

Respondent, seizing upon the language set forth in Family Court Act § 413-a (4) regarding the nonexpansion of a party's right to seek a modification of a prior order of support, contends that Chamberlin is not entitled to a new order of support calculated under the provisions of the CSSA unless she can demonstrate, *inter alia*, that an unreasonable and unanticipated change of circumstances has occurred resulting in a concomitant increased need (citing *Matter of Boden v Boden*, 42 NY2d 210). Petitioner, noting that the statute expressly provides that no "change in circumstances" need be demonstrated before obtaining an adjusted order of child support (Family Ct Act § 413-a [3] [c]) and, further, that any objections filed with respect thereto are to be resolved via a hearing at which the CSSA will be applied (*see*, Family Ct Act § 413-a [3] [b] [1], [2]), contends that Family Court appropriately "modified" respondent's child support obligation.

"It is an elementary rule of [statutory] interpretation that all parts of an act are to be read and construed together to determine the legislative intent, and that all should be harmonized with one another * * *" (*Levine v Bornstein*, 4 NY2d 241, 244 [citation omitted]; *see, Matter of Dattilo v Urbach*, 222 AD2d 28, 29). Where, as here, two statutory provisions appear to be in conflict, "they should be construed in such a manner that the overriding purposes of both can be preserved * * *. Statutes should not be construed so as to negate their own stated purposes" (*Matter of Lumpkin v Department of Social Servs.*, 59 AD2d 485, 490, *affd* 45 NY2d 351, *appeal dismissed* 439 US 1040 [citations omitted]).

■ Applying these principles to the matter before us, we are of the view that the statute simply stands for this proposition: when an objection is filed to the proposed COLA and a hearing ensues, the propriety of the proposed adjustment is determined by application of the various factors set forth in the CSSA. If, upon application of such factors, including evidence of a voluntary stipulation executed by the parties to the child support order (*see*, Family Ct Act § 413 [1] [h]), the proposed adjustment is deemed appropriate and just, an adjusted order of child support will be issued. If, on the other hand, application of the factors set forth in the CSSA results in a determination that no adjustment is appropriate, an order of no adjustment will be

issued. Either way, the CSSA comes into play only as a means of determining the appropriateness of the proposed COLA. More precisely, reference to the CSSA in Family Court Act § 413-a (3) (b) (1) does not entitle a party to a de novo hearing as to child support (*see*, Family Ct Act § 413-a [4]), which is precisely what Family Court did here. As the statute itself makes clear, although the adjustment process set forth in Family Court Act § 413-a indeed permits a party or the local support collection unit to obtain a COLA where appropriate, such process is not a vehicle via which the custodial parent may obtain an upward modification of the noncustodial parent's child support obligation to which he or she otherwise would not be entitled. Interpreting the statute in this fashion harmonizes the seemingly competing paragraphs, provides a clear standard by which the propriety of a proposed adjustment is to be judged and ensures not only that the support received by the child keeps pace with inflation, but that the parent paying such support is not, as respondent was here, subjected to a nearly threefold increase in his or her support obligation under the guise of a COLA under Family Court Act § 413-a.

■ Moreover, construing the statute in this manner, we perceive no constitutional infirmity. As the case law makes clear, "[d]ue process is satisfied so long as a party receives reasonable notice of a claim and an opportunity to be heard" (*Matter of Stone v Stone*, 218 AD2d 824, 825-826, *lv dismissed and denied* 87 NY2d 843), and we are persuaded that the provisions of the statute requiring the filing of timely written objections and providing for a hearing (*see*, Family Ct Act § 413-a [3]) satisfy this standard. As a final matter, we find no merit to respondent's assertion that he is entitled to reduce future support obligations as a means of recouping his alleged overpayment of child support (*see*, *Baraby v Baraby*, 250 AD2d 201, 205). The parties' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

CARDONA, P. J., MUGGLIN, ROSE and LAHTINEN, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as increased respondent's child support obligation to $149.62 per week; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.