■ In the Matter of MARCELLA SAPP, Respondent, v KARL TAYLOR, Appellant. [749 NYS2d 539] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals

from an order of the Family Court, Kings County (Porzio, J.), dated January 6, 1999, which confirmed a determination of the same court (Castaldi, H.E.), dated June 26, 1998, finding that he had willfully failed to obey an order of the court, dated March 12, 1995, in effect, declined to confirm a determination of child support arrears in the sum of $11,458.95, fixed arrears of child support in the amount of $17,456.87, found the appellant in contempt, and thereupon committed him to a period of incarceration not exceeding six months of weekends.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof, in effect, declining to confirm the determination of child support arrears of $11,458.95, and fixing arrears of child support in the amount of $17,456.87, and substituting therefor a provision confirming the Hearing Examiner's determination of child support arrears in the sum of $11,458.95 as of May 7, 1998; as so modified, the order is affirmed, without costs or disbursements.

This appeal stems from a 1993 petition for child support. In March 1995 the appellant was ordered to pay the petitioner $91.68 per week in child support, retroactive to November 22, 1993. After the appellant failed to comply with the order, the petitioner requested, inter alia, that the court determine arrears and that the appellant be "dealt with" according to Family Court Act § 454. Eventually, after a hearing, a Hearing Examiner determined that the appellant had willfully failed to comply with the child support order, but stayed a recommendation that he be incarcerated on condition that he pay $4,767.36 before a date certain. She also determined that, as of May 7, 1998, arrears were $11,458.95, an amount which the appellant did not contest.

In October 1998 the petitioner sought to reinstate her application to have the appellant incarcerated due to his failure to pay the arrears ordered by the Hearing Examiner. The Family Court rejected the appellant's defense of inability to pay the court-ordered support (see Family Ct Act § 455 [5]). The court confirmed the Hearing Examiner's finding that he had willfully failed to comply with the support order and found the appellant in contempt. The court also set the appellant's arrears at $17,456.87. In an order of commitment dated January 9, 1999, the Family Court ordered the appellant incarcerated for "six months of weekends."

The Family Court properly found the appellant to be in contempt for willfully refusing to pay court-ordered child support. The appellant's failure to pay support as ordered constitutes "prima facie evidence of a willful violation" (Family Ct

Act § 454 [3] [a]; *see Matter of Powers v Powers,* 86 NY2d 63, 69; *Matter of Fallon v Fallon,* 286 AD2d 389). The burden then shifted to the appellant to rebut the petitioner's prima facie evidence by offering "some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers, supra* at 69-70). Contrary to the appellant's contentions, the Family Court properly relied on the determination and recommendation of the Hearing Examiner in finding that he willfully violated the order requiring him to pay child support (*see Matter of Svoboda v Svoboda,* 289 AD2d 411; *Matter of Zielazny v Zielazny,* 271 AD2d 539). Moreover, the court held a sufficient inquiry hearing on the appellant's defense of his inability to pay the court-ordered support (*see generally Matter of Stone v Stone,* 218 AD2d 824; *Matter of Tompkins County Support Collection Unit v Chamberlin,* 287 AD2d 138).

We agree with the appellant, however, that the Hearing Examiner's finding that the arrears amounted to $11,458.95 as of May 7, 1998, should have been confirmed. Any additional arrears that may have accrued since May 7, 1998, were not in issue at the hearing which ultimately led to the appellant's commitment.

The appellant's remaining contentions are without merit. Krausman, J.P., Friedmann and Adams, JJ., concur.

Crane, J., concurs in part and dissents in part and votes to reverse the order, to confirm the Hearing Examiner's finding that arrears of child support were in the amount of $11,458.95 as of May 7, 1998, and to remit the matter to the Family Court, Kings County, for a new hearing on the appellant's ability to pay and a new determination on the issue of contempt.

I agree with the majority that the Family Court should have confirmed the Hearing Examiner's finding that the arrears of child support amounted to $11,458.95 as of May 7, 1998. I disagree, however, with the majority's affirmance of the finding of contempt. I do not believe that the Family Court, on the confirmation hearing, allowed the appellant an adequate opportunity to establish his inability to pay.