■ NATALIE SLAVUTER, Respondent, v KIM SLAVUTER, Appellant. [757 NYS2d 874] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated June 10, 2002, which granted the plaintiff's motion to adjudicate him in contempt of a prior order of the same court dated April 4, 2000, directing him to pay child support, and directing that he could purge the contempt by paying all child support arrears in the amount of $24,000.

Ordered that the order is affirmed, with costs.

We reject the defendant's contention that the Supreme Court's failure to decide the plaintiff's motion to adjudicate him in contempt within 60 days after the motion was submitted for decision warrants reversal of the order. While CPLR 2219 (a) provides that an order determining a motion shall be made within 60 days after the motion is submitted for decision, the period set forth in that statute is not a rigid jurisdictional limitation, and the appropriate procedural vehicle to address a failure to comply therewith is by bringing a CPLR article 78 proceeding to compel the court to issue an order determining the motion (*see Miller v Lanzisera,* 273 AD2d 866 [2000]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2219:2).

In addition, the Supreme Court properly found the defendant to be in contempt for willfully refusing to pay court-ordered child support. The defendant's failure to pay support as ordered constitutes "prima facie evidence of a willful violation" (Family Ct Act § 454 [3], [2]; *Matter of Sapp v Taylor,* 298 AD2d 590 [2002]). The burden then shifted to the defendant to rebut the prima facie evidence by offering some competent, credible evidence of his inability to make the required payments (*see Matter of Sapp v Taylor, supra*). The defendant failed to satisfy his burden, and thus, he was properly held in contempt. Florio, J.P., S. Miller, Adams and Rivera, JJ., concur.