■ In the Matter of TOMPKINS COUNTY SUPPORT COLLECTION UNIT, on Behalf of LINDA S. CHAMBERLAIN, Respondent, v BOYD M. CHAMBERLAIN, Appellant. [758 NYS2d 542] —Crew III, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered August 4, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, for a modification of a prior order of support.

When this matter was last before us, we held that Family Ct

Act § 413-a, which provides for review of an objection to a cost of living adjustment, does not afford the custodial parent a mechanism "via which [he or she] may obtain an upward modification of the noncustodial parent's child support obligation to which he or she otherwise would not be entitled" (287 AD2d 138, 142 [2001]). The Court of Appeals subsequently reversed and remitted this matter to us for consideration of the issues raised but not addressed in our prior decision (99 NY2d 328 [2003]).

Respondent claims entitlement to a credit for his previous overpayment of child support. While it is true that the Child Support Standards Act "contains no provision authorizing recoupment for overpayments of child support" and that such overpayments may not be recouped by reducing future support payments (*Baraby v Baraby*, 250 AD2d 201, 205 [1998]), where a final order of support "retroactively sets a higher rate than that paid during the pendency of the [proceeding, thereby] creating an immediate arrearage," credit should be given regarding such arrearage (*Vicinanzo v Vicinanzo*, 210 AD2d 863, 864 [1994]; *see* Domestic Relations Law § 236 [B] [7] [a]). Inasmuch as the record reflects that respondent indeed made previous overpayments in support and that the present support order retroactively sets a higher rate than that provided for during the pendency of this proceeding, thereby creating an arrearage, respondent is entitled to a credit to the extent of such arrearage. This matter therefore must be remitted to Family Court for computation of the credit due respondent. In all other respects, Family Court's order is affirmed.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied respondent's objection regarding his overpayment of child support; objection sustained and matter remitted to the Family Court of Tompkins County for calculation of the credit due respondent in this regard; and, as so modified, affirmed.