In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Ct, Suffolk County (Simeone, J.), dated October 8, 2002, which confirmed a determination of the same court (Livrieri, H.E.), dated October 8, 2002, finding, after a hearing, that he violated an amended order of the same court dated February 8, 1999, and thereupon committed him to the Suffolk County Correctional Facility for a term of 180 days’ imprisonment.
Ordered that the order dated October 8, 2002, is affirmed, with costs.
The Family Court properly found the father to be in contempt for willfully refusing to pay court-ordered child support. The father’s failure to pay support as ordered constituted “prima facie evidence of a willful violation” (Family Ct Act § 454 [3] [a]; see Matter of Powers v Powers, 86 NY2d 63, 66 [1995]; Matter of Sapp v Taylor, 298 AD 2d 590, 591 [2002]). The burden then shifted to the father to rebut the prima facie evidence by offering some competent, credible evidence of his inability to make the required payments (see Matter of Powers v Powers, supra at 64; Matter of Sapp v Taylor, supra at 592). The father failed to present any credible proof that he was financially unable to meet his obligation (see Gunn v Gunn, 261 AD2d 360, 361 [1999]; Matter of Porcelain v Porcelain, 143 AD2d 834 [1988]).
The father’s remaining contention is without merit. Krausman, J.E, McGinity, Cozier and Rivera, JJ., concur.