IN THE SUPREME COURT OF IOWA

 No. 2 / 04-1298

 Filed February 24, 2006

RANDALL LANGE and SHERRI LANGE,

 Appellees,

vs.

IOWA DEPARTMENT OF REVENUE,

 Appellant.

 Appeal from the Iowa District Court for Polk County, Michael D.
Huppert, Judge.

 Department appeals district court’s judicial review decision reversing
department’s denial of taxpayers’ refund request. REVERSED AND REMANDED.

 Thomas J. Miller, Attorney General, and James D. Miller, Assistant
Attorney General, for appellant.

 Kenneth L. Butters of Brick, Gentry, Bowers, Swartz, Stoltze, Schuling
& Levis, P.C., Des Moines, for appellees.

TERNUS, Justice.
 The appellant, Iowa Department of Revenue, refused to credit an
overpayment of 1996 income taxes to the 1997 tax obligation of the appellee
taxpayers, Randall and Sherri Lange, due to the late filing of their 1996
tax return. The Langes claimed they mailed their 1996 return by the due
date in 1997, and therefore, pursuant to Iowa Code section 622.105 (2001),
their return should be deemed filed as of the date of mailing, even though
it was not received by the department at that time. The department
director held the taxpayers had not met their burden to prove they had
actually mailed their 1996 return in 1997. Therefore, the director
concluded the filing date of their return was the actual filing date of
June 17, 2001 when the department was provided a duplicate of the 1996 tax
return. Because this date was beyond the three-year period for claiming a
credit, see Iowa Code § 422.73(2), the director denied the taxpayers’
claim.
 On judicial review, the district court held the agency had failed to
take into account “the presumption of mailing created by evidence of office
custom,” as well as whether this presumption had been adequately rebutted.
The court reversed the agency’s decision and remanded the case for
reconsideration by the director in light of these principles of law.
 The department has appealed. We conclude (1) the agency did not err
in failing to apply the common law presumption discussed by the district
court, and (2) there is substantial evidence to support the agency’s
factual finding that the Langes’ 1996 return was not filed until 2001.
Therefore, the department correctly ruled the Langes’ claim for a credit
was untimely. Accordingly, we reverse the district court judgment and
affirm the agency’s ruling.
 I. Background Facts and Proceedings.
 The Langes’ 1996 federal and state income tax returns were prepared by
CPA Robert McGowen in September 1997. The state return showed the Langes
were entitled to a refund of $7685, which they indicated should be applied
to their 1997 tax obligation.
 Because the Langes had paid more than ninety percent of their 1996
taxes, the due date for their state return had been automatically extended
to October 31, 1997. See Iowa Admin. Code r. 701—39.2(4). It is
undisputed, however, that their return was not actually filed until June
17, 2001. On that date, the Langes, having learned the State did not have
their 1996 return, sent a duplicate to the department. After the Langes’
1996 return was filed in 2001, the department denied the Langes’ request to
apply their overpayment of 1996 taxes to their 1997 tax obligation. The
department relied on Iowa Code section 422.73, which states in pertinent
part: “A claim for refund or credit that has not been filed with the
department within three years after the return upon which a refund or
credit claimed became due . . . shall not be allowed by the director.”
Iowa Code § 422.73(2). Since the Langes’ return was due on October 31,
1997, the filing date of June 17, 2001 was well beyond the three-year
limitations period.
 The Langes protested the denial, claiming there was competent evidence
they had mailed their tax return on or before the due date, and therefore,
it should be deemed filed on the date of mailing pursuant to Iowa Code
section 622.105. This statute provides:

 Any report, claim, tax return, statement, or any payment
 required or authorized to be filed or made to the state . . . which is
 transmitted through the United States mail or mailed but not received
 by the state . . . , shall be deemed filed or made and received on the
 date it was mailed if the sender establishes by competent evidence
 that the . . . tax return . . . was deposited in the United States
 mail on or before the date for filing or paying. . . .
 For the purposes of this section “competent evidence” means
 evidence, in addition to the testimony of the sender, sufficient or
 adequate to prove that the document was mailed on a specified date
 which evidence is credible and of such a nature to reasonably support
 the determination that the letter was mailed on a specified date.

Iowa Code § 622.105 (emphasis added).
 At a subsequent hearing on their protest, the Langes attempted to
establish through McGowen’s testimony that their 1996 return had been
deposited in the United States mail on September 18 or 19, 1997. Because
McGowen had no personal recollection of the firm’s work on the Langes’ 1996
return, he testified to his firm’s general office procedure for processing
tax returns. Basically, a return is prepared, reviewed, assembled, signed,
and mailed. This process is tracked on an office form that shows what was
done, by whom, and when. The processing checklist for the Langes’ 1996
federal and state returns showed the returns were completed on September
11, 1997 by an accountant in McGowen’s office. The returns were
subsequently reviewed by McGowen on September 17, 1997. This form also
showed that on the following day, McGowen personally delivered the forms to
the Langes for signing. He testified his typical practice would have been
to take the returns back to his office for mailing. Billing records for
September 1997 showed the Langes were charged $1.70 for postage. Although
the bill does not state the purpose of the postage, McGowen said the tax
returns would have been the only items his firm would have mailed for the
Langes that month.
 McGowen testified he did not personally deposit the Langes’ 1996
returns in the mail. The normal office procedure is for one of the
administrative assistants to carry a box of outgoing mail to the lobby area
of their office building. There, the mail would have been placed into a
designated postal slot, or depending upon the size and amount of mail, the
box would have been left in the lobby where postal employees would have
picked it up between 5:30 p.m. and 5:45 p.m.[1]
 IRS records showed the Langes’ 1996 federal tax return, prepared at
the same time as the state return, was not filed until April 11, 1998,
almost seven months after its alleged mailing. McGowen recalled that
sometime during the period from 1996 to 2002 he was notified that the
federal government had not received one of the Langes’ federal returns, and
he then sent a copy to the IRS. He could not remember, though, whether
this incident involved the Langes’ 1996 federal return.
 Finally, evidence was admitted that the Langes’ 1998 Iowa tax return,
which was processed under the same procedure as the 1996 return, was also
not received by the department upon its initial mailing. After the Langes
learned the department did not have their 1998 return, a copy was sent on
June 17, 2001.
 Based on this record, the administrative law judge (ALJ) found the
taxpayers’ 1996 return had been prepared, signed, and readied for mailing
in September 1997. The ALJ also found, however, that the Langes had failed
to meet their burden under section 622.105 to establish that the return had
been deposited in the United States mail on or before its due date. Upon
the Langes’ appeal of the proposed decision, the department director
adopted the ALJ’s decision, concluding “the evidence that was submitted by
the [taxpayers] to indicate that the return was actually mailed does not
meet the burden of proof as required [under section 622.105].”
 The Langes sought judicial review. The district court focused on
“whether under the circumstances presented, the taxpayers are afforded the
benefit of Iowa Code § 622.105, [pertaining] to the effective date of
filing a tax return.” The court examined the record and noted “[t]here was
no proof that anyone connected to either the taxpayers or McGowen actually
deposited or placed the envelope containing the return in the mail.” The
court concluded, however, proof of compliance with office procedures would
create a presumption of mailing, and this presumption would constitute
“competent evidence” under section 622.105. Because the department had
failed to consider this presumption, the court held the agency decision was
in error and should be reversed. Nonetheless, the court did not order the
agency to enter a decision allowing the requested credit. Noting the
presumption of mailing could be defeated by proof to the contrary, the
court remanded the case to permit the department to determine whether the
presumption of mailing created by proof of office procedure had been
dispelled by other evidence. The department filed this appeal.
 II. Scope of Review.
 Our review is governed by the standards set forth in Iowa’s
Administrative Procedure Act, chapter 17A. See Dubuque Casino Belle, Inc.
v. Bair, 562 N.W.2d 605, 606 (Iowa 1997). We may grant relief if the
taxpayers’ “substantial rights have been prejudiced because the agency’s
action meets any one of several statutory criteria.” Midwest Auto. III,
LLC v. Iowa Dep’t of Transp., 646 N.W.2d 417, 421 (Iowa 2002). The
criteria implicated here include agency action

 c. Based upon an erroneous interpretation of a provision of law
 whose interpretation has not clearly been vested by a provision of law
 in the discretion of the agency.
 . . . .
 f. Based upon a determination of fact clearly vested by a
 provision of law in the discretion of the agency that is not supported
 by substantial evidence in the record before the court when that
 record is viewed as a whole.
Iowa Code § 17A.19(10)(c), (f). For purposes of our review,

 “[s]ubstantial evidence” means the quantity and quality of evidence
 that would be deemed sufficient by a neutral, detached, and reasonable
 person, to establish the fact at issue when the consequences resulting
 from the establishment of that fact are understood to be serious and
 of great importance.

Iowa Code § 17A.19(10)(f)(1). In assessing evidentiary support for the
agency’s factual determinations, we consider evidence that detracts from
the agency’s findings, as well as evidence that supports them, giving
deference to the credibility determinations of the presiding officer. See
Iowa Code § 17A.19(10)(f)(3).
 III. Interpretation of Section 622.105.
 Iowa Code section 622.105 is a statutory rule of evidence having
general applicability to documents filed with the State. See Iowa Code ch.
622 (setting forth rules governing evidence and related matters). Because
there is no provision of law giving the department of revenue and finance
the discretion to interpret this statute, we do not give any deference to
the agency’s interpretation of this provision. See Iowa Code §
17A.19(11)(b).
 Our rules for interpreting statutes are well established. The
primary goal is to give effect to the legislature’s intent, as expressed by
the language used in the statute. See Gen. Elec. Co. v. Iowa State Bd. of
Tax Review, 702 N.W.2d 485, 489 (Iowa 2005). We give words their usual and
ordinary meaning, and we try to avoid impractical or absurd results. Id.
 The taxpayers, in an argument adopted by the district court, contend
the requirement of “competent evidence” under section 622.105 is satisfied
by evidence sufficient to give rise to the common law presumption of
delivery upon proof that a document was properly mailed. See Montgomery
Ward, Inc. v. Davis, 398 N.W.2d 869, 870 (Iowa 1987) (“Proof that a
document was properly mailed raises a presumption that it was received.”).
The Langes further assert that proof of proper mailing can be established
by evidence complying with the requirements set forth in our cases applying
the common law presumption.[2] See id. at 870-71; Cent. Trust Co. v. City
of Des Moines, 205 Iowa 742, 746, 218 N.W. 580, 582-83 (1928). Under our
case law, “testimony of office custom may provide sufficient foundation to
raise a presumption that mailed notices were in fact received.” Montgomery
Ward, 398 N.W.2d at 871.
 We think application of the common law presumption and its ancillary
rules of proof would be directly contrary to the rule of evidence adopted
by the legislature for filings with the State. Section 622.105 sets forth
the manner in which proof of mailing may establish the required filing. The
sender must prove by “competent evidence that the . . . tax return . . .
was deposited in the United States mail” on or before the due date. Iowa
Code § 622.105. Significantly, the term “competent evidence” is defined as
“evidence, in addition to the testimony of the sender, sufficient or
adequate to prove that the document was mailed on a specified date.” Id.
(emphasis added). This statutory evidentiary requirement is clearly more
stringent than the common law proof requirement, which can be satisfied by
“testimony of office custom.” See Montgomery Ward, 398 N.W.2d at 871.
Therefore, the department did not base its decision on an erroneous
interpretation of section 622.105 when it failed to employ the common law
presumption and its related rules in determining whether the proof
requirements of that statute had been met. See Dattilo v. Urbach, 645
N.Y.S.2d 352, 353 (Sup. Ct. App. Div. 1996) (refusing to apply “traditional
‘mailbox’ rule, which creates a rebuttable presumption of delivery upon
proof of mailing” when legislature had adopted statutory mailing rules
governing taxpayer filings). The district court erred in ruling to the
contrary.
 IV. Substantial Evidence to Support Agency’s Finding.
 Having determined the agency used the correct legal standard in
deciding the taxpayers’ protest, we now consider whether there is
substantial evidence to support the department’s factual finding that the
taxpayers failed to prove their claim for credit was “filed with the
department within three years after the return upon which [the] credit
claimed became due.” Iowa Code § 422.73(2) (emphasis added). Having
reviewed and considered the entire record, we conclude the department’s
finding is clearly supported by substantial evidence.
 We begin with the statutory rule that deems a document filed upon
proof of mailing—section 622.105. The only evidence that the Langes’ 1996
state income tax return was deposited in the United States mail on or
before its due date was the testimony of McGowen, the sender, that under
normal office practice, the return, having been signed on September 18,
1997, would have been deposited in the United States mail on that date or
the following day. Although there is credible evidence in addition to
McGowen’s testimony that a document was readied for mailing in September
1997 on the Langes’ behalf (the office record showing the Langes were
billed $1.70 for postage in September 1997), there is no record indicating
the document was deposited in the United States mail.[3] That final and
necessary step is shown only through the sender’s testimony. Therefore, we
think the director properly concluded the taxpayers were not entitled to
rely on section 622.105 to establish they had filed their 1996 income tax
return on time.
 It is undisputed the department did not receive the Langes’ 1996 tax
return until a duplicate return was provided in 2001. This fact
constitutes substantial evidence to support the agency’s finding that the
taxpayers did not file their claim for a credit until more than three years
after the due date of the tax return upon which the claim was based, as
required by section 422.73(2). Accordingly, the department properly denied
their claim as untimely.
 V. Conclusion and Disposition.
 We have found no basis to reverse the agency’s decision to deny the
taxpayers’ request for a credit based on their overpayment of 1996 income
taxes. The district court erred in reversing the agency ruling.
Therefore, we reverse the decision of the district court and remand this
case for entry of an order affirming the department’s decision.
 REVERSED AND REMANDED.

-----------------------
 [1] The parties dispute whether leaving the mail in a postal box for
pickup by the United States Postal Service constitutes depositing the
return in the United States mail. We do not answer this question because
we resolve this appeal on a ground that is unaffected by the resolution of
this issue.
 [2] A sender is entitled to the presumption of delivery upon proof
(1) of the contents and execution of the document at issue, (2) that it was
prepared for mailing, (3) that the sender had the recipient’s correct
address, (4) that the mailing wrapper was correctly addressed, (5) that the
wrapper had the proper postage affixed, and (6) that the article was
deposited in the mail. Montgomery Ward, 398 N.W.2d at 870-71; Cent. Trust
Co. v. City of Des Moines, 205 Iowa 742, 746, 218 N.W. 580, 582-83 (1928).
 [3] In contrast, the processing checklist for the Langes’ 1998
returns contains a notation that the returns were mailed by McGowen on
October 14, 1998.