■ ADAM KATZ, Respondent-Appellant, v ROBIN KATZ, Appellant-Respondent. [867 NYS2d 100]—

In an action, inter alia, to recover damages for breach of a separation agreement, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated May 22, 2007, as denied her motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied those branches of his cross motion which were to recover damages in connection with the defendant's alleged holdover occupancy of the marital premises and for an award of an attorney's fee in connection with that branch of his cross motion which was to hold her in contempt for her willful violation of a so-ordered stipulation dated September 28, 2006, and denied his separate cross motion to compel certain depositions.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying those branches of the defendant's motion which were to dismiss the causes of action seeking a refund of maintenance and child support payments and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.

In August 2004 the plaintiff husband Adam Katz (hereinafter the husband) commenced an action for a divorce and related relief. On October 12, 2005 the parties entered into a separation agreement, pursuant to which they agreed to have joint legal custody of their five children, with the husband agreeing to pay the sum of $10,000 per month for child support and $10,000 per month in maintenance to the defendant wife Robin Katz (hereinafter the wife). Additionally, the separation agreement provided that the wife would have exclusive occupancy of the marital residence until, inter alia, the husband was able to provide a replacement residence. The marital residence is owned by a limited liability company (hereinafter the LLC) whose sole member is the husband.

The parties appeared before the Supreme Court for an allocution concerning the separation agreement. The matrimonial action was subsequently discontinued.

In July 2006 the husband commenced this action, seeking a suspension of his child support and maintenance obligations pursuant to the separation agreement, on the grounds of custodial interference and parental alienation, and a refund of

all child support and maintenance payments he had previously made. Thereafter, the husband purchased real property which he offered to the wife as a replacement residence. In a so-ordered stipulation dated September 28, 2006, the parties agreed that the wife would vacate the marital residence on or before November 10, 2006, provided that any problems with the replacement residence were resolved. However, the wife did not vacate the marital residence as of November 10, 2006.

The wife moved to quash a subpoena and notices to take deposition that were served upon her and her housekeeper. The husband cross-moved, by order to show cause, inter alia, to hold the wife in contempt for violating the so-ordered stipulation dated September 28, 2006, for an award of an attorney's fee incurred in connection with making the motion, and to recover compensatory and punitive damages in connection with her holdover occupancy of the marital residence; he separately cross-moved to compel compliance with the subpoena and notices to take deposition. The wife thereafter separately moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court, inter alia, denied the husband's cross motion to hold the wife in contempt, to recover damages in connection with her holdover occupancy of the marital residence, and for an award of an attorney's fee in connection with the contempt branch of the motion, and denied his separate cross motion to compel compliance with the subpoena and notices to take deposition. Additionally, the court denied the wife's separate motion to dismiss the complaint.

The wife appeals from so much of the order as denied her motion to dismiss the complaint. The husband cross-appeals from so much of the order as denied that branch of his cross motion which was to hold the wife in contempt, to recover damages, and for an award of an attorney's fee, and from so much of the order as denied his separate cross motion to compel certain depositions. We modify.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court should accept the facts alleged in the complaint as true and afford the proponent of the complaint the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Goldfarb v Schwartz,* 26 AD3d 462, 463 [2006]; *Fast Track Funding Corp. v Perrone,* 19 AD3d 362, 362-363 [2005]).

Applying these principles to the instant matter, the husband's complaint states a cause of action for the suspension of his obligation to pay child support and maintenance. A court has

the authority to suspend a noncustodial parent's obligation to pay child support and/or maintenance when it finds that the custodial parent has deliberately frustrated or actively interfered with the noncustodial parent's visitation rights (*see* Domestic Relations Law § 241; *Ledgin v Ledgin,* 36 AD3d 669, 670 [2007]; *Matter of Orange County Dept. of Social Servs. v Meehan,* 252 AD2d 588, 590 [1998]; *Hiross v Hiross,* 224 AD2d 662, 663 [1996]; *Matter of Welsh v Lawler,* 144 AD2d 226, 228 [1988]; *Courten v Courten,* 92 AD2d 579, 581 [1983]). In the complaint, the husband alleged several incidents in which the wife interfered with his parenting time and denied him telephone contact with the children. Consequently, the Supreme Court properly denied those branches of the wife's separate motion which were to dismiss the causes of action seeking a suspension of child support and maintenance.

However, the causes of action seeking a refund of maintenance and child support should have been dismissed. Recoupment of maintenance may be permitted where payment is contrary to public policy or payment is made after the active concealment by the payee spouse of an event which would trigger the cessation of spousal support (*see e.g. Stimmel v Stimmel,* 163 AD2d 381 [1990]; *Jacobs v Patterson,* 143 AD2d 397 [1988]). Here, there are no allegations of this nature. With respect to child support, there is a strong public policy against restitution or recoupment of any overpayment (*see Matter of Tompkins County Support Collection Unit v Chamberlain,* 305 AD2d 813 [2003]; *Matter of Maksimyadis v Maksimyadis,* 275 AD2d 459 [2000]; *Baraby v Baraby,* 250 AD2d 201 [1998]). Here, the husband's child support obligation was agreed upon by the parties and was not set by the court's application of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]). Consequently, his causes of action to recoup child support and maintenance cannot be sustained.

The Supreme Court providently exercised its discretion in denying that branch of the husband's separate cross motion which was to compel the deposition of the wife (*see Gilman & Ciocia, Inc. v Walsh,* 45 AD3d 531 [2007]; *Gillen v Utica First Ins. Co.,* 41 AD3d 647 [2007]). Moreover, the husband failed to demonstrate that there were special circumstances warranting disclosure from the nonparty housekeeper (*see Moran v McCarthy, Safrath & Carbone, P.C.,* 31 AD3d 725, 726 [2006]; *Tannenbaum v Tenenbaum,* 8 AD3d 360 [2004]).

Contrary to the husband's contentions, made in connection with his contempt motion, he lacked standing to recover compensatory damages, i.e., rent or use and occupancy charges,

for the period of the wife's alleged "holdover occupancy" of the marital residence. Here, the former marital residence was owned by the LLC, of which the husband is the sole member. Since the husband is merely a member of the LLC, he does not have the right to recover rent and other damages from the wife in his individual capacity (*see* Limited Liability Company Law § 610). Further, the husband did not demonstrate that the wife should be held in contempt of the so-ordered stipulation dated September 28, 2006. In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with the contempt violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation (*see* Judiciary Law § 753 [A] [3]; *Gloveman Realty Corp. v Jefferys,* 29 AD3d 858, 859 [2006]; *Vujovic v Vujovic,* 16 AD3d 490, 491 [2005]). The contempt must be proven by clear and convincing evidence (*see Vujovic v Vujovic,* 16 AD3d at 491).

Although the so-ordered stipulation dated September 28, 2006, may be considered a court order (*see Fuerst v Fuerst,* 131 AD2d 426, 426-427 [1987]), the language in the so-ordered stipulation did not constitute a clear and unequivocal mandate directing the wife to vacate the marital residence on or before November 10, 2006. The so-ordered stipulation predicated her obligation to vacate the residence upon the husband's resolution of problems with the replacement residence, and he failed to demonstrate that he discharged this obligation. As there was no showing by clear and convincing evidence that the wife willfully failed to obey a mandate of the court, the Supreme Court properly denied that branch of the husband's cross motion which was to hold the wife in contempt, and also properly denied that branch of his cross motion which was for an award of an attorney's fee incurred in connection therewith. Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur.