# IN THE SUPREME COURT OF IOWA

No. 21–0490

Submitted January 19, 2023—Filed April 14, 2023

**ALEVIA GREEN,**

Appellee,

vs.

**NORTH CENTRAL IOWA REGIONAL SOLID WASTE AUTHORITY** and
**IMWCA,**

Appellants.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Webster County, Kurt L. Wilke, Senior Judge.

An employer seeks further review of the court of appeals judgment that reversed the workers' compensation commissioner's dismissal of an employee's review-opening petition. **DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

McDermott, J., delivered the opinion of the court, in which all participating justices joined. May, J., took no part in the consideration or decision of the case.

Ryan M. Clark (argued) and Brittany N. Salyars of Patterson Law Firm, L.L.P., Des Moines, for appellants.

Jerry L. Schnurr III (argued) of Schnurr Law Firm, P.C., Fort Dodge, for appellee.

**McDERMOTT, Justice.**

Under Iowa's workers' compensation law, injured workers can ask for an updated review of their injuries—referred to as a "review-reopening proceeding"—to determine whether their condition has worsened and thus entitles them to additional payments. When an injured worker filed such an action in this case, the workers' compensation commissioner dismissed it, pointing to an earlier finding that the worker had suffered only a temporary—but not permanent—injury. Can the worker pursue a claim for a permanent injury in a review-reopening proceeding despite an earlier adjudication that her injury was not permanent?

**I. The Accident and the Earlier Adjudication.**

Alevia Green was working at a recycling plant in Fort Dodge in April 2012 when she was struck from behind by a large door that swung open on a recycling dumpster. She was knocked out cold for several minutes and taken by ambulance to a nearby regional hospital where she reported headaches and upper back pain. A CT scan revealed focal hemorrhages in the frontal lobes of her brain. She was transferred to a large hospital in Des Moines where she was diagnosed with "traumatic cerebral intraparenchymal hemorrhage" (essentially, bleeding in the brain caused by trauma) and a concussion. The hospital kept her under observation for two days.

Green's employer, North Central Iowa Solid Waste Authority, stipulated that the door-strike incident caused her injury. Green received temporary disability benefits for a little over three months. In August 2012, Green's doctor

declared that she had reached maximum medical improvement "with symptoms of resolving cervical strain, closed head trauma, and right shoulder strain." She then returned to her job at the recycling center.

But Green continued to suffer from migraine headaches, and in December she filed a petition seeking workers' compensation for a permanent disability. After an arbitration hearing on the petition in 2014, a deputy workers' compensation commissioner determined that Green had failed to establish that her injury caused permanent impairment. The deputy commissioner thus refused to order additional benefits beyond those that Solid Waste Authority (or its insurance carrier, Iowa Municipalities Workers' Compensation Association) had already paid. Green appealed the ruling to the workers' compensation commissioner, who affirmed the deputy's decision.

Green sought judicial review in the district court. In May 2017, the district court affirmed the commissioner's decision, except for some findings about Green's claims for reimbursement of past medical expenses, and remanded the case to the agency. The commissioner on remand held Solid Waste Authority liable for some additional medical expenses that Green had incurred in the weeks after her injury.

In June 2018, Green filed a petition for review-reopening with the workers' compensation commission. *See* Iowa's Workers' Compensation Act, Iowa Code §§ 85.26, 86.14 (2018). She asserted that her condition had worsened over time into a permanent disability. Solid Waste Authority filed a motion for summary judgment, arguing that Green could not relitigate the extent of her injuries in a

review-reopening proceeding because the issue of permanent disability had already been presented and decided against her. Green resisted the motion, arguing that the statutory right to review-reopening includes situations where a condition worsens or a temporary disability develops into a permanent one, and that a dispute of material fact existed about whether that had happened here.

The deputy commissioner determined that Green's claim for permanent disability benefits was barred by principles of res judicata—in other words, that the issue of whether she'd suffered a permanent disability couldn't be reopened since it had already been raised and ruled on in her initial petition. The deputy commissioner further reasoned that since Green hadn't received any compensation in her earlier petition, no award could be "ended, diminished, or increased" in a review-reopening proceeding as the statute requires. The deputy commissioner thus granted summary judgment in Solid Waste Authority's favor. Green appealed the deputy's ruling, and the commissioner affirmed it.

On judicial review in the district court, the court reversed the commissioner's decision, determining that a review-reopening proceeding presupposes a potential change in condition and that a question of fact existed about whether Green's temporary injury had morphed into a permanent one. Solid Waste Authority appealed. We transferred the case to the court of appeals, which affirmed the district court's judgment. We granted Solid Waste Authority's application for further review.

**II. Review-Reopening and Res Judicata.**

The workers' compensation system in every state provides a process for reopening and modifying awards to address changes in a claimant's condition. 13 Arthur Larson et al., *Larson's Workers' Compensation Law* § 131.01, at 131-3 (2022) [hereinafter Larson]. These provisions recognize "the obvious fact that, no matter how competent a commission's diagnosis of claimant's condition and earning prospects at the time of hearing may be, that condition may later change markedly for the worse, or may improve, or may even clear up altogether." *Id.*

In Iowa, two statutes authorize review-reopening proceedings in workers' compensation cases and guide our analysis in this case. "The normal way for a claimant to obtain additional disability benefits when her physical condition deteriorates over time and the deterioration is attributable to an earlier compensable injury," we have noted, "is through a review-reopening claim under Iowa Code section 86.14(2)." *Gumm v. Easter Seal Soc'y of Iowa, Inc.*, 943 N.W.2d 23, 28 (Iowa 2020). That section permits the commissioner to "reopen an award for payments or agreement for settlement . . . [to inquire] into whether or not the condition of the employee warrants an end to, diminishment of, or increase of compensation so awarded or agreed upon." Iowa Code § 86.14(2). Section 85.26 includes a deadline to bring the claim, stating that "[a]n award for payments or an agreement for settlement" may be decided in a review-reopening proceeding "within three years from the date of the last payment of weekly benefits made under the award or agreement." *Id.* at § 85.26(2).

We review the workers' compensation commissioner's decision under the Iowa Administrative Procedure Act, chapter 17A. *Lange v. Iowa Dep't of Revenue*, 710 N.W.2d 242, 246 (Iowa 2006). In reviewing the commissioner's interpretation of a statute, we apply a correction-of-errors-at-law standard. Iowa Code § 17A.19(10)(*c*); *Bluml v. Dee Jay's Inc.*, 920 N.W.2d 82, 84 (Iowa 2018).

Both parties cite our discussion in *Kohlhaas v. Hog Slat, Inc.* about the effect in a later review-reopening proceeding of a commissioner's earlier adjudication of a worker's condition. 777 N.W.2d 387, 392–93 (Iowa 2009). In *Kohlhaas*, an injured worker received a workers' compensation settlement after his foot was crushed by a 400-pound concrete block on the jobsite. When he later continued to experience pain in his foot, leg, hip, and back, the worker filed a review-reopening petition seeking an increase in compensation. On judicial review, we held that a worker in a review-reopening proceeding did not need to prove that the commissioner (in the arbitration award) or the parties (in their settlement) failed to consider the *future* extent of a worker's disability. *Id.* at 392. Stated differently, because a "commissioner finds the facts as they stand at the time of the hearing and should not speculate about the future course of the claimant's condition," a claimant doesn't need to prove that her *current* condition—at the time of the review-reopening proceeding—wasn't contemplated at the original hearing. *Id.*

But we went on to say that "principles of res judicata still apply" and "that the agency, in a review-reopening petition, should not reevaluate an employee's level of physical impairment or earning capacity if all of the facts and

circumstances were known or knowable at the time of the original action." *Id.* at 393. Although we recognized that review-reopening is an opportunity for parties to bring evidence of a change in the worker's condition, we observed that review-reopening "does not provide an opportunity to relitigate causation issues that were determined in the initial award or settlement agreement." *Id.*

Citing this language in *Kohlhaas*, Solid Waste Authority argues that we must dismiss Green's review-reopening petition in this case based on principles of res judicata. 777 N.W.2d at 391. Under this line of argument, the commissioner lacks authority to reconsider in a review-reopening proceeding whether Green suffered a permanent injury because the commissioner already ruled that the incident caused no permanent disability. This forbidden subject, argues Solid Waste Authority, is precisely what the district court and court of appeals rulings now erroneously authorize: relitigating whether the incident caused a permanent injury.

Solid Waste Authority reads too broadly our discussion in *Kohlhaas* of res judicata principles in review-reopening cases. On the issue of causation, the parties in this case stipulated that a work-related incident caused an injury to Green. Green, as a result, received compensation for her injury after the incident. The threshold issue of causation—whether the incident caused an injury requiring compensation—is thus not in question. Had there been, for instance, a prior determination that there was *no connection* between the incident and Green's injury, there would be nothing to reopen. But that's not the situation in this case.

As the Larson treatise states, res judicata in review-opening proceedings will most often apply to questions about whether a party "can raise original issues such as work-connection, employee or employer status, occurrence of a compensable accident, and degree of disability at the time of the first award." Larson, § 131.03[2][a], at 131-35. These aren't the kinds of issues to which Solid Waste Authority seeks to apply res judicata in this case. As the district court and court of appeals determined, Green has established that the wayward dumpster door at the recycling plant caused an injury for which she has already received temporary benefits. *That* causation question is governed by res judicata principles.

Green's initial petition addressed her condition at an earlier date. The commissioner found that she'd failed to prove a permanent injury at the time of the 2014 arbitration hearing. Yet unlike typical civil tort judgments or settlements, review-reopening proceedings invite parties to adjust their relative positions—upward or downward—based on later developments. A change in condition that results in "an award in an entirely different category, as when an original award was one of temporary benefits for time loss and the award on reopening would be for total permanent disability, is no obstacle to reopening." Larson, § 131.03[1][a], at 131-20. Indeed, this ability to focus on the worker's present condition "is one of the main advantages of the reopening device." *Id.* So long as a claimant has previously received an award or settlement and acts within the statutory deadline, a party may seek to reopen a case for the commissioner to review whether the employee's condition "warrants an end to,

diminishment of, or increase of compensation so awarded or agreed upon." Iowa Code § 86.14(2).

Green's petition meets that threshold in this case. The district court correctly determined that "the review-reopening presupposes a potential 'change in condition' (including from temporary to permanent)," and that "change in condition may still be causally related to a work injury." The Kentucky Supreme Court, in a recent case interpreting the claim-reopening rights in its workers' compensation statute, similarly held that res judicata principles didn't prevent a worker from pursuing a permanent disability claim based on a change of condition. *Lakshmi Narayan Hosp. Grp. Louisville v. Jimenez*, 653 S.W.3d 580, 587 (Ky. 2022). Because the workers' compensation "statute expressly provides for reopening under specified conditions"—such as a worsening of the worker's disability—"the rule of res adjudicata has no application when the prescribed conditions are present." *Id.* (quoting *Stambaugh v. Cedar Creek Mining Co.*, 488 S.W.2d 681, 682 (Ky. 1972)).

Solid Waste Authority's related argument that Green can't reopen this matter because she never received an "award" on her earlier permanent injury claim finds an empty shelf by looking in the wrong aisle. It's not Green's unsuccessful petition for compensation for a permanent injury that serves as the basis for the reopening, but rather the initial benefit payments she received. Solid Waste Authority paid temporary benefits to Green during her initial period of recuperation from injury. And on remand from the district court in the earlier case, the commissioner ordered it to make additional payments for medical bills

and lost wages during the several months after the incident. These payments, both voluntarily made and as awarded by the commissioner, satisfy the statutory reopening requirement of "an *award* for payments or *agreement* for settlement." Iowa Code § 86.14(2) (emphases added).

On Green's review-reopening petition, basic questions remain about the extent that Green's work injury has contributed to her *current* condition and whether her compensation must be adjusted as a result. Review-reopening "permits a commission to make the best estimate of disability it can at the time of the original award, although at that moment it may be impossible to predict the extent of future disability, without having to worry about being forever bound by the first appraisal." Larson, § 131.03[1][a], at 131-20 (footnote omitted). The key difference is timing: the commissioner will look not at Green's condition as it was at the 2014 arbitration hearing but at Green's present-day condition. For a prior judgment to bind a party in a later action—for the res judicata concept of "issue preclusion" to apply—the issue first must "have been actually litigated." *Spiker v. Spiker*, 708 N.W.2d 347, 353 (Iowa 2006) (citing Restatement (Second) of Judgments § 27, at 250 (1982)). The effect of Green's work injury on her current condition has not yet been litigated.

Solid Waste Authority suggests that Green will be unable to show any change in her condition attributable to the work incident to warrant a change in benefits. Yet that question, whatever its answer, isn't before us. Green will have the opportunity to present evidence about whether her *current* condition

warrants an increase in compensation. A dispute of material fact on that subject remains.

**III. Conclusion.**

We thus affirm the rulings of the district court and the court of appeals holding that the agency erred in granting Solid Waste Authority's motion for summary judgment and dismissing Green's review-reopening petition. The matter is remanded to the district court with instructions to remand to the agency for further proceedings.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except May, J., who takes no part.