■ In the Matter of RICHARD FUTIA, Appellant, v LYNN KAUFTEIL, Respondent. [808 NYS2d 710]—

In related support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Edlitz, J.), entered September 20, 2004, which, in effect, denied his objections to stated portions of an order of the same court (Kava, S.M.) dated June 18, 2004, which, inter alia, after a hearing, fixed arrears in the amount of $1,533.50 for unreimbursed educational and health care expenses, and directed the support collection unit to apply any credit for overpayment of child support to his account for the child Samantha.

Ordered that the order entered September 20, 2004, is modified, on the facts, by deleting the second decretal paragraph thereof and substituting therefor a provision sustaining the objections to the extent of directing that the father receive a net credit in the sum of $1,850.50; as so modified, the order is affirmed, without costs or disbursements.

The father correctly contends that the amount of the overpayment of child support (relating to the period from January 10, 2004, the date of the child Melissa's emancipation, to June 25, 2004, the date of commencement of the reduced support payments) should have been established by the Family Court at $3,384. The father's calculation of such overpayment was not disputed (*see Matter of Maksimyadis v Maksimyadis,* 275 AD2d 459, 460 [2000]).

Contrary to the father's contention, however, the Family Court properly determined that the mother was entitled to reimbursement for 50% of a dental surgery expense that she incurred for Melissa when Melissa was age 20 (to wit, $1,120.50), constituting part of the sum of $1,533.50 awarded to the mother for unreimbursed educational and health care expenses. Although the "medical expenses" provision of the parties' stipulation, which was incorporated without merger in the underlying divorce judgment, states that the father's obligation for such uncovered medical and dental-related costs runs "during their [the childrens'] minority," in this case when such "medical expenses" provision is considered in conjunction with the "child support" article of the stipulation it evinces the parties' intent that the father's obligation to support the children—including his obligation for uncovered medical and dental related costs—extended to age 21. *Neckers v Neckers* (160 AD2d 693 [1990]), upon which the father relies, is distinguishable, as there the issue was allocation of child support where the father's obligation ran only until each child attained majority "which . . . the parties clearly understood to mean age 18" (*id.*). Here, in contrast, the parties' stipulation reflects their intent that the obligation for uncovered medical and dental costs continues to age 21.

The father's further contention that the "custody" article of the stipulation, requiring the joint decision of the parties as to "all decisions regarding the children's education . . . health and welfare," required his prior consent to the dental surgery expense in question is without merit. The father's responsibility for 50% of the children's uncovered medical and dental costs is established in the "medical expenses" article of the stipulation which does not condition responsibility for such costs upon any prior consultation or approval. The joint decisions provision of the "custody" article is not controlling in this instance.

In sum, the Family Court properly dismissed the father's objection to the extent arrears were fixed at $1,533.50.

The net credit due to the father was $1,850.50 (the amount of the credit due him for overpayment, $3,384, minus the award to the mother of child support, $1,533.50). The Family Court erroneously directed that the credit for the overpayment be applied by the support collection unit to the father's account for Samantha (*see Matter of Maksimyadis v Maksimyadis, supra*). Crane, J.P., S. Miller, Luciano and Lifson, JJ., concur.