■ In the Matter of JULIETTA TIBERIE, Respondent, v PHILLIP ROELOFSEN, Appellant. [880 NYS2d 513]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Budd, J.), dated October 31, 2008, as denied his objections to an order of the same court (Raimondi, S.M.), dated July 11, 2008, which, after a hearing, granted the mother's petition for reimbursement of his 50% share of the child care and unreimbursed health care expenses, and awarded the mother an attorney's fee in the sum of $3,000.

Ordered that the order dated October 31, 2008, is affirmed insofar as appealed from, with costs.

The Support Magistrate properly determined that the mother is entitled to reimbursement of the father's 50% share of unreimbursed health care expenses. Contrary to the father's contention, pursuant to a stipulation which was incorporated into the judgment of divorce, his obligation to pay 50% of unreimbursed health care expenses was not conditional upon any prior consultation with the mother (*see Matter of Futia v Kaufteil,* 24 AD3d 762, 763 [2005]). Furthermore, the mother demonstrated her entitlement to reimbursement of the father's

50% share of child care expenses (*see Matter of Biancanello v Russano,* 54 AD3d 853, 854 [2008]).

The Support Magistrate's award of an attorney's fee in the sum of $3,000 was a provident exercise of discretion (*see Matter of Brink v Brink,* 55 AD3d 601, 602 [2008]).

We decline the mother's request to impose sanctions upon the father and the father's attorney for pursuing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1).

The father's remaining contentions are without merit. Spolzino, J.P., Angiolillo, Leventhal and Lott, JJ., concur.