■ FRAGRANCENET.COM, INC., Appellant, v FRAGRANCEX.COM, INC., et al., Respondents. [890 NYS2d 357]—

Affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiff the benefit of every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP,* 38 AD3d 34, 38 [2006]), in effect, upon renewal, the Supreme Court properly, inter alia, granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (7) which was to dismiss the plaintiff's claim for punitive damages.

"Punitive damages are permitted when the defendant's wrongdoing is not simply intentional but 'evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations' " (*Ross v Louise Wise Servs., Inc.,* 8 NY3d 478, 489 [2007], quoting *Walker v Sheldon,* 10 NY2d 401, 405 [1961]; *see Prozeralik v Capital Cities Communications,* 82 NY2d 466, 479 [1993]; *Sharapata v Town of Islip,* 56 NY2d 332, 335 [1982]). Here, the allegations in the complaint do not support the imposition of punitive damages.

The plaintiff's remaining contentions are without merit.

We decline the defendants' request to impose sanctions upon the plaintiff (*see* 22 NYCRR 130-1.1; *Matter of Tiberie v Roelofsen,* 63 AD3d 851, 852 [2009]). Dillon, J.P., Santucci, Florio and Hall, JJ., concur.