# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1460**

**CA 14-00944**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

DOLORES A. BEVILLE, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

OLEAN GENERAL HOSPITAL AND UPPER ALLEGHENY
HEALTH SYSTEMS, INC., DEFENDANTS-APPELLANTS.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (SALLY J. BROAD OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

BROWN CHIARI LLP, LANCASTER (MICHAEL R. DRUMM OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cattaraugus County
(Paula L. Feroleto, J.), entered January 9, 2014. The order denied
the motion of defendants to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing the claim for punitive damages and as modified the order is
affirmed without costs.

Memorandum: In February 2011 plaintiff was hospitalized at Olean
General Hospital (defendant) and received insulin injections during
her stay. In January 2013 defendant sent plaintiff a letter informing
her that, during the period in which she was hospitalized, insulin
pens used to administer insulin may have been shared by more than one
patient. The letter also offered her free and confidential testing
for hepatitis B, hepatitis C and HIV. Plaintiff thereafter commenced
this action alleging, inter alia, that defendant was negligent in
permitting the use of insulin pens on more than one patient and that,
as a result of such negligence, she suffered emotional distress
arising from her fear of contracting a blood-borne illness.

Supreme Court properly denied defendants' motion to dismiss the
complaint pursuant to CPLR 3211 (a) (7). Affording plaintiff the
benefit of every possible favorable inference (*see Leon v Martinez*, 84
NY2d 83, 87-88), we conclude that "the complaint state[s] causes of
action for negligence and negligent infliction of emotional distress"
(*Brijlall v R.G. Ortiz Funeral Home, Inc.*, 13 AD3d 322, 323).
Nevertheless, we agree with defendants that, even affording the
complaint a liberal construction and accepting the facts alleged in
the complaint as true, those allegations do not support a claim for
punitive damages (*see Fragrancenet.com, Inc. v Fragrancex.com, Inc.*,

68 AD3d 1051, 1052).  We therefore modify the order accordingly.

Entered:  January 2, 2015                Frances E. Cafarell
                                         Clerk of the Court