Dash Windows of L.I., Inc. v Bivona (2023 NY Slip Op 02644)

Dash Windows of L.I., Inc. v Bivona

2023 NY Slip Op 02644

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-08172
 (Index No. 613033/19)

[*1]Dash Windows of L.I., Inc., appellant, 
v
Ann Elizabeth Bivona, respondent.

Silverberg P.C., Central Islip, NY (Karl Silverberg of counsel), for appellant.
Sherri L. Kaplan, Commack, NY, for respondent.

DECISION & ORDER
In an action to recover damages for conversion and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated October 6, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the demand for punitive damages.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for conversion and unjust enrichment against the defendant, the ex-wife of the plaintiff's owner, alleging, inter alia, that the defendant obtained the plaintiff's bank account information and stole money from its accounts. The plaintiff also sought punitive damages against the defendant. The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the demand for punitive damages. The Supreme Court granted that branch of the defendant's motion, and the plaintiff appeals.
"Punitive damages are not to compensate the injured party but rather to punish the tortfeasor and to deter this wrongdoer and others similarly situated from indulging in the same conduct in the future" (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 489; see Sharapata v Town of Islip, 56 NY2d 332, 335). "Punitive damages are permitted when the defendant's wrongdoing is not simply intentional but evince[s] a high degree of moral turpitude and demonstrate[s] such wanton dishonesty as to imply a criminal indifference to civil obligations" (Ross v Louise Wise Servs., Inc., 8 NY3d at 489 [internal quotation marks omitted]; see Walker v Sheldon, 10 NY2d 401, 405). "The misconduct must be exceptional, 'as when the wrongdoer has acted maliciously, wantonly, or with a recklessness that betokens an improper motive or vindictiveness . . . or has engaged in outrageous or oppressive intentional misconduct or with reckless or wanton disregard of safety or rights'" (Ross v Louise Wise Servs., Inc., 8 NY3d at 489, quoting Sharapata v Town of Islip, 56 NY2d at 335).
Here, affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiff the benefit of every possible favorable inference (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88), the allegations in the complaint do not support the imposition of punitive damages against the defendant (see Bellevue Towers & Gardens, LLC v Atlantis Natl. Servs., Inc., 208 AD3d 1300, 1302; Goldberger v Rudnicki, 94 AD3d 1047, 1048; Fragrancenet.com, Inc. v Fragrancex.com, Inc., 68 AD3d 1051, 1052). Accordingly, the [*2]Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the demand for punitive damages.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court