■ In the Matter of ROBERT M. TOFT, as Commissioner of the Tioga County Department of Social Services, on Behalf of JOHN FRISBIE, Respondent, v ROBERT FRISBIE, Appellant.— Kane, J. Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered March 28, 1985, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for reimbursement of public assistance expenditures made on behalf of respondent's son.

In 1964, respondent, Robert Frisbie, and his then wife, Ethel May Frisbie Perry, separated. The Frisbies had three children, Cindy, Bonnie and Robert. Ethel took custody of the children when the Frisbies separated and respondent visited with Ethel and the children on a regular basis. On August 14, 1965, Ethel gave birth to John Frisbie (John). The Frisbies were divorced in 1967.

When Ethel was three months pregnant with John, she met John Perry. Perry moved in with her two months later and married her in 1967. Initially, Perry wanted to raise John as his own son. Ethel therefore did not seek to have respondent support John or to include John in respondent's visits with the other children. Indeed, prior child support proceedings brought against respondent culminated with respondent being

directed to pay support for Cindy, Bonnie and Robert, but not John.

Perry apparently began rethinking his decision to raise John as his own son when John reached 11 or 12 years of age. When John was 14 years old, Perry forbade him from returning home. John lived in a foster home for a period of time before Ethel convinced her daughter Bonnie to take him in. Bonnie then convinced respondent to allow John to live with him. John went to live with respondent in March 1981. Respondent told him that he could keep living there as long as he kept going to school. However, in the fall of 1981, while John was in the ninth grade, he repeatedly skipped going to school. Respondent, with his present wife, Jeannie Frisbie, then told John to leave their home. Respondent has in no way contributed towards John's support since John left his home in December 1981.

In September 1980, petitioner applied to Family Court for an order directing respondent to furnish support for John. In August 1982, this petition was dismissed without prejudice because of the failure of the attorneys to file memoranda of law within the applicable time limitations. Petitioner brought a new petition on September 15, 1982. At the ensuing hearings, Ethel testified that she had dated, but not had sex with, other men between separating from respondent and becoming pregnant with John. She stated that she had sex with respondent during that time period and that he had to be John's father. She claimed, however, never to have discussed John at all with respondent. Respondent denied having had sexual relations with Ethel after they separated. Family Court accepted into evidence the results of a human leucocyte antigen (HLA) blood test which it had ordered. The results of the HLA test showed that there was a 98.74% probability that respondent was John's father. When coupled with an adjunct blood grouping test, the probability that respondent was John's father increased to 99.98%. Family Court concluded that John was the son of respondent and that respondent was, therefore, liable for John's support. This appeal ensued.

Respondent's initial argument is that Family Court erred when it refused to dismiss the petition on the grounds of res judicata and collateral estoppel. A review of the record fails to substantiate respondent's contention and, accordingly, his argument in this regard should be rejected. We also find lacking in merit respondent's assertion that this proceeding is barred by the doctrine of laches (see, Hansom v Hansom, 75 Misc 2d 3, 9). Furthermore, John's refusal to regularly attend school

did not constitute abandonment and thus relieve respondent of his obligation to support John *(see,* Family Ct Act § 415; *cf. Matter of Parker v Stage,* 43 NY2d 128, 134-135).

We, however, find respondent's final contention to have merit. Family Court awarded petitioner reimbursement for *all* of its expenditures made on John's behalf. Respondent contends that this was erroneous. He asserts that since the first petition was dismissed, the date that the second petition was filed pursuant to Family Court Act § 449, i.e., September 15, 1982, determines the date upon which he first became liable to reimburse petitioner. We agree.

Family Court Act § 449 limits the effective date of "[a]ny order of support made under this article * * * [to] the filing of the petition therefor". Thus, Family Court was prevented from ordering respondent to reimburse petitioner for its expenditures made before the second petition was filed *(see, Matter of Hackett v Haynes,* 70 AD2d 1051, 1052; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 20A, Family Ct Act § 449, pp 332-333). The order should, therefore, be modified and the matter remitted to Family Court for a recalculation of respondent's liability.

Order modified, on the law, without costs, by reversing so much thereof as held respondent liable for the expenditures made by petitioner on behalf of his son John before September 15, 1982; matter remitted to the Family Court of Tioga County for recalculation of respondent's liability; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.