■ In the Matter of NIKO MAKSIMYADIS, Appellant, v ESTHER GUEFT MAKSIMYADIS, Respondent. [713 NYS2d 79] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Tolbert, J.), entered August 12, 1998, which denied his objections to an order of the same court (Mrsich, H.E.), entered April 7, 1998, which, after a hearing, *inter alia*, directed him to pay child support in the amount of $1,450 per month.

Ordered that the order is modified by deleting the provision thereof denying the appellant's objection to that portion of the Hearing Examiner's order which calculated a credit due him for his overpayment of basic child support and unreimbursed

medical expenses paid from the date he filed the petition and substituting therefor a provision granting that objection; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a determination of the credit due the appellant.

The parties entered into a separation agreement dated September 22, 1989, which was incorporated but did not merge into a judgment of divorce entered December 7, 1989. However, certain child support provisions in the separation agreement were invalidated by order of the Family Court, entered January 7, 1998, as the separation agreement lacked a valid "opt-out" provision expressly stating that the parties had been informed of the requirements of the Child Support Standards Act (hereinafter CSSA) and knowingly agreed to deviate from those standards (see, Domestic Relations Law § 240 [1-b] [h]; Maser v Maser, 226 AD2d 684). Thereafter, the Family Court determined the appellant's child support obligation pursuant to CSSA guidelines.

Contrary to the appellant's contention, the Family Court properly determined his income for the purpose of calculating his basic child support obligation based on documentary evidence and his testimony. Accordingly, the Family Court correctly computed his child support obligation and properly determined that he is responsible for 51% of the unreimbursed medical expenses of the children.

In determining the appellant's child support obligation the Family Court properly declined to include as income benefits available to the parties' disabled son from a supplemental needs trust. It is the parents' primary obligation to provide for their child's needs (see, Matter of Graby v Graby, 87 NY2d 605; Germosen v Gupta, 237 AD2d 121). The appellant failed to demonstrate that he lacks the resources to provide for these needs and to justify that the costs of those needs should be borne by his son (see generally, Matter of Graby v Graby, supra; Matter of Kummer, 93 AD2d 135).

The court, however, miscalculated the credit due the appellant for overpayments of basic child support that he paid during the pendency of the instant proceeding. Since it is undisputed that the appellant paid $3,500 in child support for the months of March through June 1998, rather than the $3,000 per month used by the court in computing the credit, he is entitled to have this credit recomputed. Additionally, he should receive a credit for any overpayments of unreimbursed medical expenses that he paid during the pendency of the proceeding.

The appellant's contention that he is entitled to reduce future child support payments to recoup these credits is without merit. Although Domestic Relations Law § 236 (B) (7) (a) authorizes a credit against a retroactive support obligation for overpayments made after the commencement of the proceeding (*see, Baraby v Baraby,* 250 AD2d 201), overpayments may not be recovered by reducing future support payments (*see, Baraby v Baraby, supra; Petek v Petek,* 239 AD2d 327; *Matter of Simmons v Hyland,* 235 AD2d 67).

The Family Court correctly determined that the absence of a valid opt-out agreement pursuant to the CSSA (*see,* Domestic Relations Law § 240 [1-b] [h]), did not operate to invalidate those provisions of the parties' separation agreement which addressed educational expenses, religious expenses, and extracurricular activities. Accordingly, those provisions of the separation agreement remain valid and enforceable.

The appellant's remaining contentions are without merit. O'Brien, J. P., Sullivan, Altman and H. Miller, JJ., concur.