THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAUREN BREITSTEIN, Formerly Known as LAUREN AARONSON, on Behalf of SCOTT AARONSON, Respondent, v JEFFREY AARONSON, Appellant. [771 NYS2d 159]—

In a habeas corpus proceeding to obtain custody of the parties' son Scott, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated September 30, 2002, as (1) granted the mother's motion for child support arrears in the principal sum of $6,360, (2) denied his cross motion for a money judgment in the principal sum of $11,118.44, representing overpayments in child support payments and an award of an attorney's fee, and (3) awarded the mother an attorney's fee in the amount of $750.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith.

The parties were divorced on June 5, 1992, and were awarded joint custody of their children, Jillian, born May 27, 1985, and Scott, born March 10, 1988. The mother was to have residential custody.

Pursuant to a January 23, 1992, stipulation of settlement, which was subsequently incorporated into the judgment of divorce, the parties agreed not to apply the Child Support Standards Act (hereinafter CSSA). Rather, they agreed that the father would pay $120 per week, per child, or a total of $240 per

week, to the mother for the support and maintenance of the children.

On or about May 25, 1999, Scott relocated to the father's residence and the mother filed a habeas corpus proceeding to obtain his return. During an August 20, 1999, hearing, the parties agreed to permit Scott to remain with the father but were unable to agree as to their respective child support obligations in light of the change in custody. The Supreme Court applied the CSSA and determined that the father should pay $243.88 per week to the mother in child support for Jillian and that the mother should pay $43.31 per week to the father in child support for Scott. On a prior appeal (*see People ex rel. Breitstein v Aaronson,* 285 AD2d 566 [2001]), we held that the Supreme Court erred in applying the standard percentages under the CSSA because the parties had previously agreed to "opt out" of the statute (*see* Domestic Relations Law § 240 [1-b] [h]). Therefore, we directed the father to pay the mother the sum of $120 per week for the support of Jillian "retroactive to August 20, 1999" (*People ex rel. Breitstein v Aaronson, supra*).

The Suffolk County Support Collection Unit subsequently notified the father that a credit in the sum of $11,118.44 had accrued during the pendency of the appeal and he ceased making payments. On or about April 12, 2002, the mother moved for child support arrears in the sum of $3,240 which had allegedly accrued since October 5, 2001. The father cross-moved for a money judgment in the sum of $11,118.44, plus interest, and for an award of an attorney's fee to reimburse him for the overpayment. On September 30, 2002, the Supreme Court awarded the mother the principal sum of $6,300 to compensate her for the arrears which allegedly had accrued since October 5, 2001, plus an attorney's fee in the sum of $750, and denied the father's cross motion.

There is a strong public policy in this state, which the CSSA did not alter, against restitution or recoupment of the overpayment of child support (*see Baraby v Baraby,* 250 AD2d 201 [1998]; *Tompkins County Support Collection Unit v Chamberlain,* 305 AD2d 813 [2003]; *Maksimyadis v Maksimyadis,* 275 AD2d 459 [2000]). Recoupment is, however, appropriate under limited circumstances, where, as here, the father was temporarily compelled to pay excess support solely due to the Supreme Court's improper application of the CSSA (*see Tuchrello v Tuchrello,* 233 AD2d 917 [1996]; *Matter of Thomas v Commissioner of Social Servs.,* 287 AD2d 642 [2001]; *Matter of Niewiadomski v Dower,* 286 AD2d 948 [2001]; *Hamza v Hamza,* 268 AD2d 459 [2000]).

The Supreme Court also improperly awarded the mother an attorney's fee in the sum of $750 since she neither formally applied for that relief nor submitted any supporting documentation regarding the legal services rendered (*see Poli v Poli,* 286 AD2d 720, 723 [2001]).

Accordingly, we remit the matter to the Supreme Court for a hearing to determine the actual amount of the parties' respective overpayments. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.