■ ROBERT COULL, Appellant, v PAMELA ROTTMAN, Respondent. [828 NYS2d 295]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered March 3, 2006, which confirmed in part the report of Special Referee Marilyn Dershowitz, dated March 14, 2005, regarding child support, unanimously modified, on the law, the facts and in the exercise of discretion, to reduce plaintiff's basic child support obligation from March 13, 2003 through December 31, 2003 to $1,475.52 per month, to reduce his basic child support obligation for 2004 to $1,876.42 per month, to reduce his basic child support obligation from January 1, 2005 onward to $1,890.73 per month, to delete the paragraph that increased child support to $2,307 per month starting in March 2007, to delete the proviso ordering plaintiff to pay defendant $459.59, and to give plaintiff a credit of $15,483.71 (plus $16.27 per month from March 2006 through the date of this order) against which he can offset future add-on expenses, and otherwise affirmed, without costs.

The IAS court properly made the downward modification retroactive to March 13, 2003, the date of plaintiff's latest motion for such relief (see Matter of Toft v Frisbie, 122 AD2d 456, 457-458 [1986]; and see Rosen v Rosen, 260 AD2d 361 [1999]). His previous motions for downward modification were denied; his remedy, if he was aggrieved, was to appeal from those denials.

Similarly, plaintiff's argument that the IAS court in November 2005 improperly released $12,995.92 that he had paid into court pending his appeal from a prior order is not a proper subject of this appeal. Instead, he should have perfected his appeal from the November 2005 order. However, we agree that he should be given credit for $11,250 of the $12,995.92; when calculating plaintiff's credit, the IAS court apparently overlooked the fact that he had paid $2,750 instead of $2,000 per month from July 2004 through September 2005.

Given the amount of time that elapsed between plaintiff's request for downward modification and the order being appealed, plaintiff's child support obligation for 2003 should have been based on his income for 2003, not his income for 2004 (see Diamond v Diamond, 11 AD3d 289 [2004], lv dismissed 4 NY3d 794 [2005]). However, the IAS court properly used plaintiff's income for 2004 in calculating his child support obligations for 2004 and subsequent years, even though a 2004 tax return was not yet available (see Matter of Culhane v Holt, 28 AD3d 251, 252 [2006]).

The court properly exercised its discretion in adding back $30,000 of alleged business expenses into plaintiff's income (*see Carlson-Subik v Subik*, 257 AD2d 859, 860 [1999]; *see also Isaacs v Isaacs*, 246 AD2d 428 [1998]; *Jose R.D. v Elisabeth R.D.*, 197 AD2d 457 [1993]).

The court should have used plaintiff's net income from renting out a boat slip, not his gross income (*see Matter of Kristy Helen T. v Richard F.G.*, 24 AD3d 788, 790 [2005]). Furthermore, since plaintiff did not copurchase the boat slip until January 27, 2004, it was error to include income from the boat slip in his income for 2003 and January 2004.

Similarly, since plaintiff and Michael Hagerty did not purchase a Florida condominium until January 27, 2004, it was error to include expenses paid by Hagerty in plaintiff's income for 2003 and January 2004. However, the court did not improvidently exercise its discretion in imputing income to plaintiff based on Hagerty's payment of expenses (*see* Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]).

The court should not have ordered plaintiff's payments to increase by $400 per month starting in March 2007. While plaintiff's support payments to a son from his first marriage will end in February 2007, the court did not deduct those support payments from plaintiff's income in the first place. Therefore, plaintiff's income (for purposes of calculating child support) will not increase in March 2007.

We calculate plaintiff's child support payments as follows: in 2003, his income was $109,300 ($72,000 salary plus $30,000 of personal "business" expenses plus $7,300 that could have been earned on the money used to purchase the Montreal apartment that plaintiff gave to his daughter). From this, FICA of $5,508 should be deducted (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]). Thus, plaintiff's income for child support purposes in 2003 was $103,792. Defendant's income is $45,000. Thus, the combined parental income for 2003 was $148,792, allocated 70% to plaintiff and 30% to defendant. Therefore, plaintiff's child support obligation for 2003 was $17,706.24 ($148,792 times 17% times 70%), or $1,475.52 per month.

In 2004, plaintiff's income was $137,112.58 ($85,000 salary plus $30,000 of personal "business" expenses plus $7,300 for the income that could have been earned on the purchase price of the Montreal apartment plus $1,922.58 boat slip net income plus $12,890 in expenses paid by Hagerty). From this, FICA of $5,508 should be deducted, resulting in income for child support purposes of $131,604.58. Since defendant's income is $45,000, the combined parental income for 2004 was $176,604.58, al-

located 75% to plaintiff and 25% to defendant. Therefore, plaintiff's child support obligation for 2004 was $22,517.08 ($176,604.58 times 17% times 75%), or $1,876.42 per month.

For 2005 and subsequent years, plaintiff's income is $138,459.36 ($85,000 salary plus $30,000 of personal "business" expenses plus $7,300 for the income that could have been earned on the purchase price of the Montreal apartment plus $2,097.36 boat slip net income plus $14,062 in expenses paid by Hagerty). After subtracting FICA of $5,508, the resulting sum is $132,951.36. Since defendant's income is $45,000, the combined parental income for 2005 and subsequent years is $177,951.36, allocated 75% to plaintiff and 25% to defendant. Therefore, plaintiff's child support obligation for 2005 and subsequent years is $22,688.79 ($177,951.36 times 17% times 75%), or $1,890.73 per month.

We calculate plaintiff's credit for overpayments as follows: for 2003 (starting on March 13), his basic child support payment should have been $1,475.52 a month, but he actually paid $2,000 per month. Therefore, he is entitled to a credit of $524.48 per month for 9 months (April-December), plus a credit of $262.24 (half of $524.48) for the period March 13-31, for a total of $4,982.56.

For 2004, plaintiff's basic child support payment should have been $1,876.42 per month, but he actually paid $2,000. (The fact that he paid $2,750 starting June 18 will be covered by the credit for $11,250 of the $12,995.92 that was improperly released.) Therefore, he is entitled to a credit of $123.58 per month, or $1,482.96 for the year.

From January 2005 through February 2006, plaintiff's basic child support payment should have been $1,890.73, but he actually paid $2,000. (Again, the fact that he paid $2,750 through September 2005 will be covered by the credit for $11,250 of the $12,995.92 that was improperly released.) Therefore, he is entitled to a credit of $109.27 per month, or $1,529.78 for the 14-month period at issue.

The amounts underlined above amount to $19,245.30. The IAS court found that plaintiff owed defendant a net amount of $3,761.59 for camp and extracurricular activities after accounting for his payment of medical expenses. Subtracting $3,761.59 from $19,245.30, discloses that plaintiff has overpaid $15,483.71.

Plaintiff contends that he should be allowed to reduce his basic child support payment by $500 per month until this overpayment is recouped. However, public policy forbids this (*see e.g. Matter of Maksimyadis v Maksimyadis*, 275 AD2d 459, 461 [2000]; *Baraby v Baraby*, 250 AD2d 201, 205-206 [1998]). On

the other hand, public policy does not forbid offsetting add-on expenses against an overpayment. Therefore, plaintiff is entitled to a credit of $15,483.71 against future add-on expenses.

Finally, plaintiff has presumably been paying $1907 per month since March 2006 pursuant to the order appealed from. However, his child support payment should be $1,890.73, so he is entitled to an additional credit of $16.27 per month from March 2006 through the date of this order. Concur—Tom, J.P., Marlow, Williams, Catterson and Malone, JJ.