■ In the Matter of KEITH WILLIAM TADDONIO, Appellant, v JULIE FAITH WASSERMAN-TADDONIO, Respondent. [858 NYS2d 721]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated July 18, 2007, which denied his objection to an order of the same court (Orlando, S.M.), dated May 16, 2007, in effect, denying his petition for a credit with respect to certain child support payments.

Ordered that the order dated July 18, 2007 is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order dated May 16, 2007, as denied that branch of his petition which was for a credit for amounts he paid directly to the mother for the benefit of the parties' son from March 2006 to November 2006, and substituting therefor a provision sustaining that objection and modifying the order dated May 16, 2007, to grant that branch of the petition which was for a credit for amounts he paid directly to the mother for the benefit of the parties' son from March 2006 to November 2006; as so modified, the order dated July 18, 2007 is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, to determine the amount of the credit due to the father.

The parties entered into a separation agreement which was

incorporated but not merged into a judgment of divorce entered October 4, 2002. The child support provision contained in the judgment obligated the father to make monthly child support payments in the sum of $1,300 for the parties' two children. The separation agreement further provided that the children would become emancipated upon, inter alia, attaining the age of 21.

On March 29, 2006 the father filed a petition, inter alia, for a downward modification of his child support obligation since, among other things, the parties' daughter turned 21 on March 13, 2006. The father continued to make child support payments for both children directly to the mother.

In an order dated October 24, 2006 the Support Magistrate directed, inter alia, that the child support provision be amended to delete the payments for the parties' daughter in view of her emancipation, and that, retroactive to March 13, 2006, the father make monthly child support payments for the parties' son in the sum of $853.06 through the Support Collections Unit, effective November 30, 2006.

On November 29, 2006 the father filed a petition requesting that a credit be applied to his child support account for the payments made directly to the mother from March 2006 to November 2006. The Support Magistrate, in effect, denied the petition. In an order dated July 18, 2007 the Family Court denied the father's objection to the order of the Support Magistrate.

"There is strong public policy in this state, which the [Child Support Standards Act] did not alter, against restitution or recoupment of the overpayment of child support" (*People ex rel. Breitstein v Aaronson,* 3 AD3d 588, 589 [2004], citing *Baraby v Baraby,* 250 AD2d 201 [1998]; *see Matter of Tompkins County Support Collection Unit v Chamberlain,* 305 AD2d 813 [2003]; *Matter of Maksimyadis v Maksimyadis,* 275 AD2d 459 [2000]). The Family Court properly declined to credit the father for the overpayments of child support made for the benefit of the parties' daughter.

However, the father is entitled to a credit in the amount of child support payments he made directly to the mother from March 2006 to November 2006 for the benefit of the parties' son, against the "arrears" fixed by the Support Collections Unit for the payments made for the support of the parties' son during the same period of time.

Accordingly, we remit the matter to the Family Court, Suffolk County, to determine the amount of the credit due to the father. Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.