SUSAN SMULCZESKI, Appellant, v RICHARD SMULCZESKI, Respondent. CURTIS R. EXUM, Nonparty Respondent. [8 NYS3d 411]—

In a matrimonial action in which the parties were divorced by judgment dated October 22, 2003, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated November 26, 2012, as granted the defendant's motion, in effect, to modify a receiver's accounting to the extent of directing that the defendant receive the sum of $18,882.58 from the plaintiff, and as, in effect, granted the receiver's motion to approve the receiver's accounting except to the extent of directing that the defendant receive the sum of $18,882.58 from the plaintiff, and (2) from a money judgment of the same court entered January 29, 2013, which, upon the order, is in favor of the defendant and against her in the sum of $18,882.58.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as the order was superseded by the money judgment; and it is further,

Ordered that the money judgment is modified, on the law, by reducing the sum of $18,882.58 to the sum of $12,910.48; as so modified, the money judgment is affirmed, without costs or disbursements, and the order dated November 26, 2012, is modified accordingly.

The parties were divorced by judgment dated October 22, 2003. In April 2010, the Supreme Court appointed a receiver to take all reasonable measures to sell the marital residence. After the marital residence was sold, the receiver moved for an

order approving his account. The defendant moved, in effect, to modify the receiver's accounting. The defendant asserted that the receiver had failed to properly calculate the defendant's share of the proceeds of the sale of the marital residence, resulting in the receiver paying a certain sum of money to or on behalf of the plaintiff that should have been paid to the defendant. The payment sought by the defendant also included a sum that, in accordance with the parties' judgment of divorce, he was to receive as a credit against the plaintiff's share of the proceeds of the sale of the marital residence. Additionally, the payment sought by the defendant included an overpayment of child support he had made to the plaintiff. The Supreme Court granted the defendant's motion, and subsequently entered a money judgment in favor of the defendant and against the plaintiff in the sum of $18,882.58.

Contrary to the plaintiff's contentions, the Supreme Court correctly determined that the defendant was entitled to 60% of the proceeds of the sale of the marital residence, which amounted to $102,296.48, and that the defendant was also entitled to a credit against the plaintiff's share of the sale proceeds in the amount of $3,950, as provided for in the parties' judgment of divorce. Thus, the defendant should have received $106,246.48 from the proceeds of the sale, and since the receiver's accounting distributed only $93,336 to the defendant, the defendant was entitled to a money judgment against the plaintiff awarding him the difference between those two amounts, which is $12,910.48.

However, as the plaintiff correctly contends, there is a strong public policy against restitution or recoupment of child support overpayments (see *Johnson v Chapin*, 12 NY3d 461, 466 [2009]). Since, on this record, there is no basis for concluding that any exception to that policy should be made, the Supreme Court erred in including the amount of the child support overpayment, $5,972.10, in the sum it awarded to the defendant. Accordingly, we modify the money judgment by reducing the sum of $18,882.58 to the sum of $12,910.48.

The plaintiff's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.