■ In the Matter of MARTIN J. GOEHRINGER, Respondent, v THERESA VOZZA-NICOLOSI, Appellant. (Proceeding No. 1.) In the Matter of THERESA VOZZA, Appellant, v MARTIN J. GOEHRINGER, Respondent.(Proceeding No. 2.) [30 NYS3d 566]—

Appeal from an order of the Family Court, Westchester County (Arlene E. Katz, J.), dated April 6, 2015. The order denied the mother's objections to so much of an order of that court (Christine Patneaude Krahulik, S.M.) dated December 24, 2014, as, after a hearing, granted the father's petition for a downward modification of his child support obligation.

Ordered that the order dated April 6, 2015, is affirmed, without costs or disbursements.

To establish entitlement to a downward modification of a child support order, a party has the burden of showing that there has been "a substantial change in circumstances" (Family Ct Act § 451 [3] [a]; see Matter of Lagani v Li, 131 AD3d 1246, 1247 [2015]). Here, the Family Court properly denied the mother's objections to the Support Magistrate's determination granting the father's petition for a downward modification, as the father demonstrated both that his loss of employment constituted a substantial change in circumstances and that he made a good-faith effort to obtain new employment which was commensurate with his qualifications and experience (see Matter of Dimaio v Dimaio, 111 AD3d 933, 934 [2013]; Matter of Ceballos v Castillo, 85 AD3d 1161, 1163 [2011]; Matter of Getty v Getty, 83 AD3d 835, 835 [2011]).

The mother's contentions that the Support Magistrate erred in dismissing her enforcement petition and in crediting the father for overpayments made during the pendency of the proceeding are unpreserved for appellate review, as the mother failed to raise those issues in the objections before the Family Court (see Matter of Best v Hinds, 113 AD3d 676 [2014]; Matter of Elia v Elia, 299 AD2d 358 [2002]; Matter of Stone v Stone, 236 AD2d 615, 615-616 [1997]), and, in any event, are without merit.

We note that while child support overpayments may not be recovered by reducing future support payments (see Matter of Maksimyadis v Maksimyadis, 275 AD2d 459, 461 [2000]), "public policy does not forbid offsetting add-on expenses against

an overpayment" (*Coull v Rottman*, 35 AD3d 198, 201 [2006]). Hall, J.P., Roman, Cohen and Connolly, JJ., concur.