Mortimer Yansen, Respondent,
against
Pethol Yansen, Also Known as Pethol Campbell-Zephyr, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered October 2, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,925.




ORDERED that the judgment is reversed, without costs, and the action is dismissed.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000, representing overpayments of child support that he allegedly made to defendant. At a nonjury trial, evidence was presented that, pursuant to a court order, plaintiff had begun making child support payments in 2008 or 2009, that the parties had entered into a stipulation of settlement which had been incorporated but not merged into a judgment of divorce dated March 17, 2011, and that, pursuant to the stipulation of settlement, plaintiff's child support arrears had been fixed at $4,389.82 as of September 30, 2010. Plaintiff testified that, for a period of time, he had made payments of arrears directly to defendant, instead of to the Family Court's Support Collection Unit, and, thus, had not been correctly credited for payments he had made. He further stated that, in Family Court, he had sought, and been given credit for, certain payments he had made directly to defendant, but that the Family Court had informed him that it would not consider payments he had made prior to the parties' divorce. Plaintiff claimed that since he had not been given credit for those payments, he had in effect been charged twice. Findings of fact made by the Queens County Family Court showed that the Family Court had credited plaintiff for payments he had made directly to plaintiff commencing October 15, 2010, but had not considered any earlier payments plaintiff had allegedly made to defendant.
Following the trial, the Civil Court awarded plaintiff the principal sum of $3,925.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rule and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Plaintiff's child support arrears as of September 30, 2010 were fixed in the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce. As such, the arrears constituted a contractual obligation (see Kraus v Kraus, 131 AD3d 94, 100 [2015]), and plaintiff failed to demonstrate any basis for avoiding or retabulating such obligation. In light of the strong policy against restitution or recoupment of child support overpayments (see [*2]e.g. Johnson v Chapin, 12 NY3d 461, 466 [2009]; Matter of Krowl v Nightingale, 103 AD3d 726 [2013]; Matter of Taddonio v Wasserman-Taddonio, 51 AD3d 935 [2008]; Sottile v Lopez, 42 Misc 3d 139[A], 2014 NY Slip Op 50165[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), and plaintiff's failure to present evidence of any exceptional circumstances which would warrant a departure from that policy (see Crosswell v Crosswell, 21 Misc 3d 131[A], 2008 NY Slip Op 52051[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]), we conclude that the judgment in favor of plaintiff failed to render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807). 
Accordingly, the judgment is reversed and the action is dismissed.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: February 08, 2017