■ In the Matter of JAMES McGOVERN, Respondent, v DIEDRE McGOVERN, Appellant. [50 NYS3d 408]—

Appeal by the mother from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), entered May 2, 2016. The order denied the mother's objections to so much of an order of that court (Esther R. Furman, S.M.), entered December 11, 2015, as granted that branch of the father's petition which was for recoupment of child support overpayments and denied her cross petition to compel the father to pay for educational expenses for the parties' children in accordance with the judgment of divorce.

Ordered that the order entered May 2, 2016, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the father's petition which was for recoupment of child support overpayments is denied, the mother's cross petition to compel the father to pay for educational expenses for the parties' children in accordance with the judgment of divorce is granted, and the matter is remitted to the Family Court, Westchester County, to determine the amount of child support arrears and the father's share of the children's educational expenses owed to the mother and the amount of the credit against add-on expenses due the father.

In 2007, the parties executed a stipulation that was incorporated but not merged into their judgment of divorce. The stipulation required the father to pay the mother child support each month for the parties' two children. This obligation was to continue until, inter alia, one of the children began attending a residential college, at which point the child support obligation would be reduced. The stipulation also required the father to pay 60% of the children's educational expenses, but allowed him to deduct any room and board payments which he made from his child support obligation, as long as he was current with all other obligations under the stipulation.

In February 2014, the father filed a petition seeking a downward modification of his child support obligation on the ground that the oldest child started college in September 2011. The father also alleged that from September 2011 to February 2014, he overpaid child support because the Support Collection Unit failed to reduce his child support payments after the oldest child started college. As a result, the father requested an overpayment credit towards his child support obligation. The mother subsequently filed a cross petition to enforce the stipulation and alleged, inter alia, that the father had failed to pay his 60% share of the children's educational expenses.

Thereafter, in June 2014, the Support Magistrate temporarily suspended the father's child support obligation pending further order of the Family Court. Following written submis-

sions, the Support Magistrate denied the mother's cross petition and granted the father's petition by downwardly modifying his child support obligation and retroactively applying his child support overpayments to the period in which his support payments were suspended pursuant to court order. In the order appealed from, the Family Court denied the mother's objections to the Support Magistrate's order. The mother appeals.

"There is strong public policy in this state, which the [Child Support Standards Act] did not alter, against restitution or recoupment of the overpayment of child support" (*Matter of Taddonio v Wasserman-Taddonio*, 51 AD3d 935, 936 [2008] [internal quotation marks omitted]; *see Johnson v Chapin*, 12 NY3d 461, 466 [2009]). "The reason for this policy is that . . . child support payments are 'deemed to have been devoted to that purpose, and no funds exist from which one may recoup moneys so expended' if the award is thereafter reversed or modified" (*Rader v Rader*, 54 AD3d 919, 920 [2008], quoting *Coleman v Coleman*, 61 AD2d 757, 758 [1978]). Thus, recoupment of child support payments is only appropriate under "limited circumstances" (*People ex rel. Breitstein v Aaronson*, 3 AD3d 588, 589 [2004]).

On this record, there is no basis for concluding that any exception to the strong public policy against restitution or recoupment of support overpayments exists. Consequently, the Family Court improvidently exercised its discretion in denying the mother's objection to the Support Magistrate's determination that the father was entitled to a credit against his child support obligation based on prior overpayments of child support (*see Smulczeski v Smulczeski*, 128 AD3d 670, 671 [2015]; *Coull v Rottman*, 35 AD3d 198, 200 [2006]; *Matter of Maksimyadis v Maksimyadis*, 275 AD2d 459, 461 [2000]; *cf. People ex rel. Breitstein v Aaronson*, 3 AD3d at 589; *Matter of Thomas v Commissioner of Social Servs.*, 287 AD2d 642, 642-643 [2001]).

However, "[w]hile child support overpayments may not be recovered by reducing future support payments, 'public policy does not forbid offsetting add-on expenses against an overpayment' " (*Matter of Goehringer v Vozza-Nicolosi*, 139 AD3d 949, 949-950 [2016], quoting *Coull v Rottman*, 35 AD3d at 201 [citation omitted]). Thus, although the overpayments may not be applied to the father's child support obligation, he may use the overpayments to offset his share of the add-on expenses, such as the educational expenses (*see Matter of Fitzgerald v Corps*, 86 AD3d 611, 612 [2011]).

The mother's remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Family Court should have granted the mother's objections to the Support Magistrate's order. Austin, J.P., Miller, LaSalle and Connolly, JJ., concur.