Fortgang v Fortgang (2019 NY Slip Op 02068)





Fortgang v Fortgang


2019 NY Slip Op 02068


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2017-06813
 (Index No. 28155/09)

[*1]Alan Fortgang, respondent,
v
Georgia Fortgang, appellant.


Quatela Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri and Glenn R. Jersey III of counsel), for appellant.
Law Offices of Kyle M. Halperin, PLLC, New York, NY, for respondent.



DECISION & ORDER
In an action for divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated May 8, 2017. The order, insofar as appealed from, granted the plaintiff's cross motion for a money judgment reimbursing him for overpaid child support.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's cross motion for a money judgment reimbursing him for overpaid child support is denied.
The parties were divorced by a judgment of divorce dated May 17, 2011, which incorporated, but did not merge, a stipulation of settlement dated February 14, 2011. Pursuant to the stipulation, the parties agreed that the plaintiff would pay $2,600 per month in basic child support for the parties' two children. The stipulation provided that the plaintiff's child support obligation would decrease when the older child became emancipated and would terminate when the younger child became emancipated.
In December 2013, the older child became emancipated under the terms of the stipulation. Nonetheless, the plaintiff continued to pay child support in the full amount through an execution on his income. In November 2015, the younger child became emancipated under the terms of the stipulation, but the plaintiff continued to pay child support for several months thereafter through the execution on his income.
On December 19, 2016, in response to the defendant's motion for leave to renew and reargue a prior motion, the plaintiff cross-moved, for the first time, to be reimbursed for child support overpayments. The Supreme Court granted the plaintiff's cross motion, and awarded him a money judgment against the defendant in the amount of $30,422.32 for overpaid child support. The defendant appeals.
"There is strong public policy in this state, which the [Child Support Standards Act] did not alter, against restitution or recoupment of the overpayment of child support" (Matter of [*2]McGovern v McGovern, 148 AD3d 900, 902 [internal quotation marks omitted]; see Johnson v Chapin, 12 NY3d 461, 466). The rationale behind this policy is that child support payments are deemed to have been used to support the children, so "no funds exist from which one may recoup moneys so expended" (Matter of McGovern v McGovern, 148 AD3d at 902 [internal quotation marks omitted]). "[R]ecoupment of child support payments is only appropriate under limited circumstances'" (id., quoting People ex rel. Breitstein v Aaronson, 3 AD3d 588, 589).
The plaintiff failed to demonstrate the existence of any circumstances which counter this state's strong public policy against reimbursement of child support overpayments (see People ex rel. v Breitstein, Aaronson, 3 AD3d at 589). The plaintiff could have requested a modification of his child support obligation in accordance with the stipulation, but failed to do so (see Matter of Brady v White, 158 AD3d 748, 749-750, 753; Matter of Taddonio v Wasserman-Taddonio, 51 AD3d 935, 935-936).
Accordingly, the plaintiff failed to demonstrate his entitlement to reimbursement for overpaid child support, and his cross motion should have been denied.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court