Hart v Rosenthal (2019 NY Slip Op 04363)





Hart v Rosenthal


2019 NY Slip Op 04363


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-04822
 (Index No. 6379/12)

[*1]Dean Hart, respondent-appellant, 
v
Deborah Rosenthal, appellant-respondent.


Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Steven J. Harfenist of counsel), for appellant-respondent.
La Reddola, Lester & Associates, LLP, Garden City, NY (Steven M. Lester of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and fraud, the defendant appeals and the plaintiff cross-appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered March 14, 2016. The order, insofar as appealed from, denied the defendant's cross motion for summary judgment dismissing the second amended complaint. The order, insofar as cross-appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action for money had and received and alleging breach of contract, conversion, unjust enrichment, and fraud, and for an award of attorney's fees.
ORDERED that the order is reversed insofar as appealed from, on the law, and the defendant's cross motion for summary judgment dismissing the second amended complaint is granted; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff and the defendant, who were never married, are the parents of a child. On June 9, 2004, the parties entered into an agreement regarding child support (hereinafter the child support agreement), wherein the plaintiff agreed to pay the defendant child support, including monthly payments for child care expenses until the child turned 12 years old. On June 14, 2006, the parties entered into an agreement regarding parental access (hereinafter the parental access agreement) that was so-ordered by the Family Court. After the plaintiff's obligation to pay for child care expenses terminated, he commenced this action. In a second amended complaint, the plaintiff asserted causes of action alleging breach of contract with regard to the child support and parental access agreements, unjust enrichment, conversion, and fraud, and for money had and received, specific performance of the parental access agreement, and an accounting. The plaintiff alleged, inter alia, that the defendant did not use the funds the plaintiff paid her for child care expenses for that purpose and used the funds instead for her own purposes, and that she failed to comply with the parental access agreement.
The plaintiff moved for summary judgment on the issue of liability on the causes of action for money had and received and alleging breach of contract, conversion, unjust enrichment, [*2]and fraud, and for an award of attorney's fees. The defendant cross-moved for summary judgment dismissing the second amended complaint. The Supreme Court denied the motion and the cross motion. The defendant appeals, and the plaintiff cross-appeals.
Initially, the defendant contends that the causes of action seeking recovery of child care payments are barred by the public policy against recoupment of child support overpayments. " There is strong public policy in this state, which the [Child Support Standards Act] did not alter, against restitution or recoupment of the overpayment of child support'" (Matter of McGovern v McGovern, 148 AD3d 900, 902, quoting Matter of Taddonio v Wasserman-Taddonio, 51 AD3d 935, 936; see Johnson v Chapin, 12 NY3d 461, 466; Goldstein v Goldstein, 166 AD3d 729, 732; Smulczeski v Smulczeski, 128 AD3d 670, 671). " The reason for this policy is that . . . child support payments are deemed to have been devoted to that purpose, and no funds exist from which one may recoup moneys so expended if the award is thereafter reversed or modified'" (Matter of McGovern v McGovern, 148 AD3d at 902, quoting Rader v Rader, 54 AD3d 919, 920 [internal quotation marks omitted]). A court may permit recoupment of child support overpayments only in limited circumstances (see Weidner v Weidner, 136 AD3d 1425, 1426-1427; Matter of Zengling Shi v Shenglin Lu, 110 AD3d 729, 730; Arcabascio v Arcabascio, 48 AD3d 606; People ex rel. Breitstein v Aaronson, 3 AD3d 588, 589; Matter of Thomas v Commissioner of Social Servs., 287 AD2d 642, 643; Vigliotti v Vigliotti, 260 AD2d 470, 471).
Here, there is no basis to conclude that an exception to the strong public policy against recoupment of child support overpayment exists. However, child support overpayments may be recovered against future add-on expenses, since public policy forbids the reduction of basic child support payments to recoup an overpayment of child support, but it does not prohibit offsetting future add-on expenses against an overpayment (see Matter of McGovern v McGovern, 148 AD3d at 902; Matter of Goehringer v Vozza-Nicolosi, 139 AD3d 949, 949; Matter of Savini v Burgaleta, 69 AD3d 734, 736; Coull v Rottman, 35 AD3d 198, 200-201). Nevertheless, for the reasons that follow, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the second amended complaint.
We agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of contract with regard to the child support agreement. "The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Legum v Russo, 133 AD3d 638, 639; see Canzona v Atanasio, 118 AD3d 837, 838). " [A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645, quoting Greenfield v Philles Records, 98 NY2d 562, 569). Here, the clear and unambiguous language of the child support agreement required the defendant to provide the plaintiff "with a copy of the annual W-2 statement or 1099 statement for any child care provider and a copy of any pre-school tuition bills."
In the cause of action alleging breach of contract with regard to the child support agreement, the plaintiff alleges that the defendant failed to comply with that agreement by accepting monies for child care expenses tendered by the plaintiff, but using same for the defendant's own uses and purposes instead of child care. The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on this cause of action, as his submissions failed to establish that the defendant used the sums he tendered for child care expenses for her own purposes. The 1099 statements the defendant provided to the plaintiff were in compliance with the clear language of the agreement, and failed to prove that the defendant did not incur child care expenses, or that she used the sums received from the plaintiff for child care expenses for her own purposes. For similar reasons, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging breach of contract with regard to the child support agreement.
Because the child support agreement, which the parties do not dispute is valid and enforceable, covers the scope of the dispute between the parties regarding child care costs, the recovery in quasi contract, i.e., under theories of money had and received and unjust enrichment, for [*3]events arising out of that particular subject matter is precluded (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388; Gargano v Morey, 165 AD3d 889, 891-892; Brandeis Sch., Inc. v Yakobowicz, 130 AD3d 850, 852; Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp, 64 AD3d 85, 102).
As the causes of action alleging conversion and fraud are not predicated upon a breach of duty distinct from, or in addition to, the alleged breach of contract, the plaintiff is precluded from recovering under those theories (see Junger v John V. Dinan Assoc., Inc., 164 AD3d 1428, 1429-1430; Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 824; Village Group 30, Inc. v Kyusung Cho, 83 AD3d 931, 932). " Merely alleging scienter in a cause of action to recover damages for breach of contract, unless the representations alleged to be false are collateral or extraneous to the terms of the agreement, does not convert a breach of contract cause of action into one sounding in fraud'" (Ka Foon Lo v Curis, 29 AD3d 525, 526, quoting Del Ponte v 1910-12 Ave. U Realty Corp., 7 AD3d 562, 562 [internal quotation marks omitted]; see Junger v John V. Dinan Assoc., Inc., 164 AD3d at 1429-1430).
The cause of action seeking an accounting was subject to dismissal since there was no evidence that a confidential or fiduciary relationship existed (see LoGerfo v Trustees of Columbia Univ. in City of N.Y., 97 AD3d 547, 548).
The causes of action alleging that the defendant breached the parental access agreement and seeking specific performance of that agreement were subject to dismissal, as the parental access agreement was superseded by subsequent orders of the Family Court directing supervised parental access (see Matter of Miedema v Miedema, 144 AD3d 803, 804).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the causes of action for money had and received and alleging breach of contract, conversion, unjust enrichment, and fraud, and for an award of attorney's fees, but the court should have granted the defendant's cross motion for summary judgment dismissing the second amended complaint.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.

2016-04822 DECISION & ORDER ON MOTION
Dean Hart, respondent-appellant, v Deborah
Rosenthal, appellant-respondent.
(Index No. 6379/12)

Appeal and cross appeal from an order of the Supreme Court, Nassau County, entered March 14, 2016. By order to show cause dated February 26, 2018, the parties were directed to show cause why an order should or should not be made and entered dismissing the appeal and the cross appeal on the ground that the appeal and cross appeal had been rendered academic by an order of the Supreme Court, Nassau County, dated October 11, 2017. Application by the appellant-respondent to withdraw the appeal on the same ground. By decision and order on motion of this Court dated April 27, 2018, the application and the motion to dismiss the appeal and cross appeal were held in abeyance and referred to the panel of Justices hearing the matter for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, upon the papers filed in support of the application and no papers having been filed in opposition or in relation thereto, and upon the argument of the matter, it is
ORDERED that the application and the motion are denied as academic in light of a subsequent order of the Supreme Court, Nassau County, entered July 6, 2018, which vacated the order dated October 11, 2017.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court