Matter of Owens v New York City Human Resources Admin., Dept. of Social Servs., Off. of Child Support Enforcement, Support Collection Unit (2019 NY Slip Op 08504)





Matter of Owens v New York City Human Resources Admin., Dept. of Social Servs., Off. of Child Support Enforcement, Support Collection Unit


2019 NY Slip Op 08504


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10420 100223/18

[*1] In re Alonzo Owens, Petitioner-Appellant,
v
New York City Human Resources Administration, Department of Social Services, Office of Child Support Enforcement, Support Collection Unit, Respondent-Respondent.


Alonzo Owens, appellant pro se.
Georgia M. Pestana, Acting Corporation Counsel, New York (Anna B. Wolonciej of counsel), for respondent.



Judgment, Supreme Court, New York County (Carmen V. St. George, J.), entered September 19, 2018, denying the petition to annul respondent's determination, dated October 19, 2017, which denied petitioner's appeal of respondent's decision to offset his tax refund to pay child support arrears, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The petition to reverse respondent's determination that petitioner's tax refund would be offset to pay child support arrears was properly denied as moot. After the petition was filed, respondent independently determined that petitioner did not in fact owe any money, removed the arrears from his account,
and stopped enforcement of the offset (see generally Matter of Newton v Police Dept. of City of N.Y., 183 AD2d 621, 624 [1st Dept 1992] [a matter is moot where "the relief being sought is supplied during the pendency of litigation"]).
To the extent petitioner seeks to be reimbursed for his overpayment of child support obligations, these damages may not properly be recovered in this proceeding, as they are not "incidental to the primary relief sought" or "otherwise recover[able]" (CPLR 7806). The overpayment is not incidental to the relief petitioner seeks because it occurred prior to and was not dependent on the determination under review, which merely determined that petitioner's future tax refunds would be garnished to pay arrears, and respondent had no obligation to reimburse the funds, which had already been disbursed (see Metropolitan Taxicab Bd. of Trade v New York City Taxi & Limousine Commn., 115 AD3d 521, 522 [1st Dept 2014], lv denied 24 NY3d 911 [2014]). At any rate, restitution or recoupment for overpayment of child support is generally not permitted, as it is against public policy, except in limited circumstances not applicable here (see Matter of McGovern v McGovern, 148 AD3d 900, 902 [2d Dept 2017]; People ex rel. Breitstein v Aaronson, 3 AD3d 588, 589 [2d Dept 2004]).
Contrary to petitioner's contention, respondent did not default by failing to appear by a proper attorney. In general, New York City agencies, such as respondent, must be represented by the Corporation Counsel (see NY City Charter § 394[a]). However, the Corporation Counsel is empowered to appoint assistant counsels, including at City agencies, which are also empowered to employ staff counsel (see id. §§ 392[a], 395). Respondent's attorney was agency staff counsel [*2]and was of counsel to someone designated as a Special Assistant Corporation Counsel.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK