Matter of Collette v Collette (2020 NY Slip Op 06778)





Matter of Collette v Collette


2020 NY Slip Op 06778


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-14232
 (Docket No. F-8306-16)

[*1]In the Matter of Michael A. Collette, respondent,
v
Jeanette M. Collette, appellant.


Bennett Schechter Arcuri & Will LLP, Buffalo, NY (Kristin L. Arcuri of counsel), for appellant.
Michael A. Collette, Clarence Center, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Robin M. Kent, J.), dated November 4, 2019. The order denied the mother's objections to so much of an order of the same court (Sondra M. Toscano, S.M.) dated July 9, 2019, as, after a hearing, vacated the sum of $14,935.33 in arrears against the father set forth in a money judgment dated January 13, 2011, as having already been satisfied, directed the Support Collection Unit to stop enforcing that money judgment, and awarded the father a credit in the sum of $12,270.65 based on his prior overpayments of child support to be applied to his future child support payments, or, in the alternative, to his obligation to pay his pro rata share of unreimbursed medical expenses and/or educational expenses.
ORDERED that the order dated November 4, 2019, is modified, on the law, by deleting the provision thereof denying the mother's objection to so much of the order dated July 9, 2019, as determined that the father's overpayment of child support could be applied to future child support payments, and substituting therefor a provision granting that objection and vacating that portion of the order dated July 9, 2019; as so modified, the order dated November 4, 2019, is affirmed, without costs or disbursements.
The parties were married and had two children together. The parties were subsequently divorced, and the father was obligated to pay the mother child support. A money judgment dated January 13, 2011 (hereinafter the money judgment), was entered against the father and in favor of the mother in the sum of $14,935.33 for child support arrears. In December 2018, the father filed a petition seeking, among other things, a determination that the money judgment had been satisfied.
In an order dated July 9, 2019, made after a hearing, a Support Magistrate, inter alia, vacated the arrears set forth in the money judgment as having already been satisfied, and directed the Support Collection Unit to stop enforcing the money judgment. In addition, the Support Magistrate determined that the father was entitled to a credit in the sum of $12,270.65 based on overpayments of child support, to be applied to the father's future child support payments or, in the alternative, to his obligation to pay his pro rata share of unreimbursed medical expenses and/or educational expenses. In an order dated November 4, 2019, the Family Court denied the mother's [*2]objections to the order dated July 9, 2019. The mother appeals.
We agree with the Family Court's determination denying the mother's objections to so much of the Support Magistrate's order dated July 9, 2019, as vacated the sum of $14,935.33 in arrears against the father set forth in the money judgment, directed the Support Collection Unit to stop enforcing that money judgment, and awarded the father a credit in the sum of $12,270.65. "Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the evidence proffered" (Matter of Musarra v Musarra, 28 AD3d 668, 669; see Matter of Manocchio v Manocchio, 16 AD3d 1126, 1128). Contrary to the mother's contention, the record supports the Support Magistrate's finding that the father satisfied the money judgment.
However, "[t]here is strong public policy in this state, which the [Child Support Standards Act] did not alter, against restitution or recoupment of the overpayment of child support" (Matter of Taddonio v Wasserman-Taddonio, 51 AD3d 935, 936 [internal quotation marks omitted]; see Matter of McGovern v McGovern, 148 AD3d 900, 902). "The reason for this policy is that . . . child support payments are deemed to have been devoted to that purpose, and no funds exist from which one may recoup moneys so expended if the award is thereafter reversed or modified" (Matter of McGovern v McGovern, 148 AD3d at 902 [internal quotation marks omitted]; see Rader v Rader, 54 AD3d 919, 920). Therefore, the recoupment of child support payments is only appropriate under limited circumstances (see Matter of McGovern v McGovern, 148 AD3d at 902; Rader v Rader, 54 AD3d at 920; People ex rel. Breitstein v Aaronson, 3 AD3d 588, 589).
Here, there is no basis to conclude that an exception to the strong public policy against recoupment of child support overpayment exists. Thus, the Family Court improvidently exercised its discretion in denying the mother's objection to so much of the Support Magistrate's order dated July 9, 2019, as determined that the father was entitled to a credit against his future child support obligation based on prior overpayments of child support (see Matter of McGovern v McGovern, 148 AD3d at 902; Smulczeski v Smulczeski, 128 AD3d 670, 671; Coull v Rottman, 35 AD3d 198, 200). However, inasmuch as public policy does not forbid offsetting add-on expenses against an overpayment of child support (see Matter of Goehringer v Vozza-Nicolosi, 139 AD3d 949; Coull v Rottman, 35 AD3d at 201), we agree with the Support Magistrate's determination that the father may use the overpayments to offset his share of add-on expenses, such as educational expenses and unreimbursed medical expenses (see Matter of McGovern v McGovern, 148 AD3d at 902; Matter of Fitzgerald v Corps, 86 AD3d 611, 612).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court