Armstrong v Armstrong (2021 NY Slip Op 01739)





Armstrong v Armstrong


2021 NY Slip Op 01739


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-12991 
2018-00997
 (Index No. 12972/09)

[*1]Kristina M. Armstrong, etc., respondent-appellant,
v
Robert Michael Armstrong, appellant-respondent.


Lieberman & LeBovit, Yorktown Heights, NY (Mitchell P. Lieberman of counsel), for appellant-respondent.
Pollock & Maguire, LLP, White Plains, NY (Lee A. Pollock of counsel), for respondent-appellant.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated August 5, 2011, the defendant appeals from (1) stated portions of an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated October 17, 2017, and (2) a money judgment of the same court dated November 13, 2017, and the plaintiff cross-appeals from the order. The order, insofar as appealed from, inter alia, in effect, denied that branch of the defendant's motion which was for reimbursement of the value of certain stock, in the sum of $99,492.30. The order, insofar as cross-appealed from, denied those branches of the plaintiff's cross motion and separate motion which were to direct the defendant to disclose complete tax returns and for reimbursement of assessments of her tax liability for certain assets in the sums of $50,179 and $10,416, and funds withheld by the defendant for his overpayments of child support in the sum of $4,800. The money judgment, insofar as appealed from, is in favor of the plaintiff and against the defendant in the principal sum of $94,366.13.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, in effect, denying that branch of the defendant's motion which was for reimbursement of the value of certain stock, in the sum of $99,492.30, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provisions thereof denying those branches of the plaintiff's cross motion and separate motion which were for reimbursement of assessments of her tax liability for certain assets in the sums of $50,179 and $10,416, and funds withheld by the defendant for his overpayments of child support in the sum of $4,800, and substituting therefor provisions granting those branches of the cross motion and separate motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the money judgment is vacated; and it is further,
ORDERED that the appeal from the money judgment is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order.
The parties were divorced by a judgment dated August 5, 2011, which incorporated, [*2]but did not merge, a settlement agreement (hereinafter the agreement). The agreement provided for the plaintiff to receive certain deferred compensation distributions, for which she was to bear a proportional share of the tax burden. In accordance with his obligation to make those distributions, the defendant was required to transfer 1,912 shares of certain stock. In error, the defendant transferred 6,172 shares to the plaintiff. The value of the 4,260 excess shares he transferred was $99,492.30. When the plaintiff refused the defendant's request to return the shares or their value, the defendant moved, among other things, for reimbursement of the value of the stock in the sum of $99,492.30.
The plaintiff cross-moved, inter alia, to direct the defendant to make certain distributions to her of deferred compensation assets that he had withheld, to disclose his complete tax returns, and to pay her $50,179, which was the amount by which she asserted she had been overcharged by the defendant for her share of the tax burden for deferred compensation assets for tax years 2010-2013. The plaintiff also sought reimbursement of funds in the amount of $4,800, which the defendant withheld from the plaintiff in light of his overpayment of child support. By separate motion, the plaintiff sought, among other things, reimbursement of overassessments of her share of the tax burden for deferred compensation assets for the tax year 2014, in the sum of $10,416.
By order dated October 17, 2017, the Supreme Court, inter alia, in effect, denied that branch of the defendant's motion which was for reimbursement of the value of the stock in the sum of $99,492.30, and denied those branches of the plaintiff's cross motion and separate motion which were to direct the defendant to disclose his complete tax returns, and to make payments to the plaintiff in the sums of $50,179, $4,800, and $10,416. The defendant appeals, and the plaintiff cross-appeals.
The Supreme Court should have granted that branch of the defendant's motion which was for reimbursement of the value of the stock in the sum of $99,492.30, as it was undisputed that this was the value of shares transferred by the defendant to the plaintiff, to which she was not entitled under the agreement. To the extent that the court declined to award that sum to the defendant as a sanction for his utilization of self-help measures, such a sanction was not appropriate under the circumstances. Indeed, the plaintiff's refusal to return the value of the shares was itself a self-help measure employed by the plaintiff for what she determined were the defendant's breaches of the agreement.
The plaintiff correctly contends that the defendant's calculation of her share of the tax burden for the deferred compensation distributions does not comport with the plain language of the agreement (see generally Abramson v Hasson, 184 AD3d 768, 770). The agreement required that the defendant assess the plaintiff's tax burden by calculating his taxes inclusive of the plaintiff's share of the assets, calculating his taxes exclusive of the plaintiff's share of the assets, and determining the difference. As the plaintiff correctly asserts, proper calculation of the defendant's taxes exclusive of the plaintiff's share of the assets required a concomitant reduction in the defendant's deduction for state income taxes. Therefore, the Supreme Court should have awarded to the plaintiff the sums of $50,179 and $10,416, representing the overassessment of her tax liabilities for the deferred compensation distributions.
The plaintiff further sought to recover the sum of $4,800, representing funds the defendant withheld from the plaintiff in order to recoup his overpayments of child support. "There is strong public policy in this state, which the [Child Support Standards Act] did not alter, against restitution or recoupment of the overpayment of child support" (Matter of McGovern v McGovern, 148 AD3d 900, 902 [internal quotation marks omitted]; see Johnson v Chapin, 12 NY3d 461, 466). Here, there is no basis for concluding that any exception to that strong public policy exists (see Matter of McGovern v McGovern, 148 AD3d at 902). Accordingly, the Supreme Court should have awarded the plaintiff the sum of $4,800.
The Supreme Court correctly determined that the plaintiff was not entitled to disclosure of the defendant's complete tax returns for the tax years 2010 through 2014. The plaintiff [*3]conceded that her expert accountant was able to calculate the overassessment of her tax liabilities for the deferred compensation distributions for those years without the complete tax returns (cf. Seruya v Seruya, 107 AD3d 972, 973). Further, to the extent the plaintiff sought complete tax returns going forward, for any future distributions, such request was premature.
The parties' remaining contentions are without merit.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court